**KAPLAN HECKER & FINK LLP**

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

**Direct Email: jmatz@kaplanhecker.com**

August 6, 2019

**By CM/ECF**

The Chambers of the Honorable Judge John F. Keenan
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Shih v. Petal Card, Inc., et al.*, No. 1:18-cv-05495-JFK-BCM

Dear Judge Keenan,

    I represent Defendants and write in response to Plaintiff's August 1, 2019 letter, Dkt 86.

    In that letter, Plaintiff makes three alternate requests: (1) that Defendants' pending motion to dismiss the Amended Complaint under Rule 12(b)(6) be summarily denied; (2) that Plaintiff be permitted to supplement her opposition to our Rule 12(b)(6) motion with various evidentiary materials; or (3) that Plaintiff be granted leave to amend the complaint for a second time.

    The first two requests are procedurally improper and should be rejected. At the pleading stage, the Court focuses only on the sufficiency of Plaintiff's allegations. It may not consider documents outside the Amended Complaint, and Plaintiff has no right to file ad hoc sur-reply briefs whenever she discovers a document that she thinks might help her case. *Palin v. The New York Times Co.*, No. 17 Civ. 3801, 2019 WL 3558545, at *3-5 (2d Cir. Aug. 6, 2019). Summary denial of our motion on the basis of such material would be especially inappropriate here in light of the fact that the exhibits attached to Plaintiff's letter have little or no bearing on many of our legal arguments, especially those as to Jason Gross and Petal.

    Given that Plaintiff wishes to amend her complaint, however, and recognizing the liberal amendment policy set forth in Rule 15, Defendants consent to Plaintiff's request to further amend the pleadings. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

### I. Plaintiff's First Two Requests are Improper and Should Be Rejected

    Apparently in hopes of pretermitting a fully-briefed motion to dismiss, Plaintiff has plucked several documents from third-party productions and filed them without context (but with extensive factual characterization). Plaintiff does not cite any rule of civil procedure or case law authorizing this submission. Nor could she do so. Plaintiffs are not permitted to engage in a continuing defense of their pleadings by occasionally filing discovery materials they think support their position.

To start, "[t]he purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). The only question presented by a motion under Rule 12(b)(6) is whether the operative complaint states a claim upon which relief may be granted. In the normal course, "a party who fails to state a claim for which relief may be granted cannot use discovery to discover facts that should have been pled in the complaint." *Sharp v. Atwood Mobile Prod., Inc.*, No. 2:12 Civ. 82, 2012 WL 3024726, at *2 (S.D. Miss. July 24, 2012).[1]

Here, Plaintiff titles her letter "Newly Discovered Evidence." Dkt. 86 at 1. That title gives away the game. Parties use "evidence" to prove or disprove facts. But "a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). It follows that courts should not deny Rule 12(b)(6) motions on the basis of untested factual claims and one-sided characterizations set forth in procedurally improper filings. That is particularly true here, given Plaintiff's efforts to leverage assertions about a handful of documents into dismissal of our entire motion, even though many of the arguments set forth in our motion have nothing to do with the exhibits Plaintiff submitted.

If necessary, Defendants will show in due course that Plaintiff's account of the exhibits—and her theory of the case—are groundless. But our pending motion to dismiss does not provide the forum for that disagreement. Either Plaintiff's operative complaint can survive legal scrutiny or it cannot. Plaintiff should not be allowed to skew the outcome, or dictate it entirely, by asking the Court to selectively consider evidentiary materials that are out of bounds at the pleading stage.

## II. Defendants Consent to Plaintiff's Request for Leave to Replead

The letter makes clear that Plaintiff views the exhibits as fundamentally transforming this case. We disagree. Even accepting as true Plaintiff's most aggressive spin on these documents, the exhibits do nothing to salvage Plaintiff's legally deficient claims against Petal Card, Inc, which fail as a matter of corporate and commercial law. Nor do they overcome Plaintiff's manifest failure to allege that Jason Gross knowingly owed her some kind of fiduciary duty, knowingly aided and abetted a violation of anybody else's duty to her, or misappropriated her "credit gap" concept (which allegedly was shared before any protected relationship may have existed and lacked novelty and concreteness). With respect to Andrew Endicott, although the exhibits (as characterized by Plaintiff) may affect aspects of the parties' dispute, they have no bearing on our argument to dismiss numerous claims and only a partial bearing on arguments supporting dismissal of still other claims. Accordingly, Defendants retain meritorious legal arguments supporting dismissal of some or all claims.

Nonetheless, Defendants recognize that Plaintiff sees things differently. *See, e.g.*, Dkt. 86 at 2 (claiming that a document "obliterates" Defendants' position). Indeed, Plaintiff appears to

---

[1] Courts can consider documents that are attached to, incorporated into, or otherwise integral to the operative complaint—or that are subject to judicial notice—but Plaintiff does not invoke any of those exceptions and none of them applies here. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016).

KAPLAN HECKER & FINK LLP                                                                                                                            3

believe that these documents are so important to the pleading stage assessment that she rushed to file them without any valid basis for doing so. And Plaintiff's letter makes clear that she hopes the Court will account for her view of the relevant documents in its Rule 12(b)(6) determination—in which case Defendants should be afforded the opportunity to review a complaint actually pleading these new allegations and, if appropriate, to present the Court with responsive legal arguments.

Thus, to avoid burdening the Court with needless motion practice—and recognizing the liberal amendment policy set forth in Rule 15—Defendants consent to Plaintiff's request to amend the complaint a second time. That way, the questions that Plaintiff seeks to raise in her letter can be addressed in accordance with applicable rules, rather than in a manner that bends and breaks the strictures of Rule 12.

To be clear, Defendants anticipate that this will be the final time they consent to an amendment. Plaintiff cannot file new letters, exhibits, or complaints whenever she comes across a document that she believes might help her position (especially if it is filed without context and with extensive editorial commentary). That would reflect an abuse of the discovery process and a departure from the procedures contemplated by the federal rules.

This time, however, Defendants will consent to the filing of an amended complaint so that the Court's pleading stage determination can be made properly.

Respectfully submitted,

_____
Joshua Matz, Esq.
Kaplan Hecker & Fink LLP

*Counsel for Defendants*