USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
CASSANDRA SHIH,

        Plaintiff,

  -against-

PETAL CARD, INC. f/k/a
CREDITBRIDGE, INC., ANDREW
ENDICOTT, and JASON GROSS

        Defendants.
------------------------------- X

No. 18 Civ. 5495 (JFK)

**ORDER**

**JOHN F. KEENAN, United States District Judge:**

    On July 30, 2019, this Court received a letter from Plaintiff identifying newly discovered documents (the "Documents") that are allegedly material to Defendants' fully briefed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 86.) Accordingly, Plaintiff requests "that the Court either (1) deny the Defendants' motion, (2) grant Plaintiff leave to serve a supplemental opposition to the motion or take this letter as supplemental opposition to the motion, or (3) grant Plaintiff leave to replead." (Id. at 1.) In response, Defendants oppose the first two requests, but consent to Plaintiff's request for leave to amend her complaint. (ECF No. 89.) Plaintiff then filed a second letter in which she appears to withdraw her request for leave to amend her complaint, but renews her request that the Court consider the Documents in resolving the Rule 12(b)(6)

1

motion. (ECF No. 90.) Defendants then responded, again opposing this request and renewing their consent for Plaintiff to amend her complaint. (ECF No. 91.)

When on a Rule 12(b)(6) motion the Court is presented with matters outside the pleadings, Rule 12(d) requires that it either (1) exclude the additional materials and decide the motion on the complaint alone or (2) convert the motion to one for summary judgment under Rule 56 and afford all parties the opportunity to present supporting material. Palin v. New York Times, _ F.3d _, 2019 WL 3558545, at *3 (2d Cir. 2019) (citing Kopec v. Coughlin, 922 F.2d 152, 154 (2d Cir. 1991)). Presented material may, nevertheless, be considered where it is "not outside the pleadings" which requires it to be integral to the complaint and relied upon by the Plaintiff in framing the complaint. Id. at *4 (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153-54 (2d Cir. 2002)).

Given that, as Plaintiff admits, these documents were not discovered or considered until after Plaintiff filed its initial and amended complaints, these additional materials are outside the pleadings. Id. The Court, thus, is limited to either (1) excluding the Documents and deciding the Rule 12(b)(6) motion on the complaint alone or (2) converting the motion to one for summary judgment and ordering additional briefing. Id. at *3. Given that discovery in this case is pending based on the outcome

of the already briefed Rule 12(b)(6) motion, it is entirely premature to convert Defendants' motion to one for summary judgment. Accordingly, the Court will exclude the Documents and decide the Rule 12(b)(6) motion solely on the complaint.

While this might otherwise conclude the issue, the Court is mindful that Federal Rule of Civil Procedure 15(a)(2) directs it to "freely give" a party leave to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Given this directive and that Defendants have consented to Plaintiff amending her complaint, Plaintiff shall have until September 12, 2019 to file a second amended complaint. Id. (a "party may amend its pleading only with the opposing party's written consent or the court's leave"). Should Defendants then opt to file a motion to dismiss that new complaint, the parties are ORDERED to file a proposed order with the Court containing mutually agreed upon deadlines by which the Plaintiff shall file its opposition and Defendants their reply. This proposed order is to be filed contemporaneously with Defendant's motion to dismiss.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 84.

**SO ORDERED.**

Dated: New York, New York
August 21, 2019

John F. Keenan
United States District Judge

3