## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

CASSANDRA SHIH,

                    Plaintiff,

      v.

PETAL CARD, INC. f/k/a
CREDITBRIDGE, INC., ANDREW
ENDICOTT, and JASON GROSS,

                    Defendants.

        1:18-cv-05495 (JFK) (BCM)

---

### DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants Petal Card, Inc. ("Petal"), Andrew Endicott, and Jason Gross (collectively, "Defendants"), by and through the undersigned counsel, upon personal knowledge with respect to themselves and their own acts, and upon information and belief with respect to all other matters, respond to the allegations made by Plaintiff Cassandra Shih in her Second Amended Complaint (S.D.N.Y. Case No. 18 Civ. 5495, ECF 93):

The prefatory paragraph of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny those allegations.

The headings in the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, or to the extent the headings contain factual allegations, Defendants deny the allegations in each and every heading in the Second Amended Complaint.

1.      Defendants deny the allegations in Paragraph 1 of the Second Amended Complaint.

2.      Defendants deny the allegations in Paragraph 2 of the Second Amended Complaint, except admit that Endicott wrote an e-mail to Berk Ustun on May 8, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof. Defendants lack knowledge or information sufficient to form a belief as to the truth of Shih's origin, observations, and realizations.

3.      Defendants deny the allegations in Paragraph 3 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih in April 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof. Defendants lack knowledge or information sufficient to form a belief as to Shih's ambitions or visa status.

4.      Defendants deny the allegations in Paragraph 4 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih in April 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

5.      Defendants deny the allegations in Paragraph 5 of the Second Amended Complaint, except admit that from the end of April through the beginning of June 2015, Endicott and Shih occasionally corresponded over Facebook Messenger, e-mails, and Dropbox. Defendants refer to these exchanges for a complete and accurate statement of their contents and deny any mischaracterization thereof.

6.      Defendants deny the allegations in Paragraph 6 of the Second Amended Complaint, except admit that: (i) on June 11, 2015, Endicott created a CreditBridge website with the url http://www.credit-bridge.com, and that url redirects to Petal's main website with the url

http://petalcard.com; (ii) Petal was incorporated in Delaware on February 1, 2016; (iii) Endicott is a co-founder and the Chief Financial Officer of Petal; (iv) Gross is a co-founder and the Chief Executive Officer of Petal; and (v) Endicott and Shih corresponded over Facebook Messenger and e-mails in June 2015, August 2015, and March 2016. Defendants refer to those exchanges over Facebook Messenger and e-mail for a complete and accurate statement of their contents and deny any mischaracterization thereof.

7.      Defendants deny the allegations in Paragraph 7 of the Second Amended Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Second Amended Complaint, except admit that Petal was incorporated in Delaware and its principal place of business was formerly 94 Bowery, New York, NY 10009.

10.      Defendants deny the allegations in Paragraph 10 of the Second Amended Complaint, except admit that Endicott is a resident of the State of New York.

11.      Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint.

12.      Paragraph 12 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 12 contains factual allegations, Defendants deny the allegations in Paragraph 12.

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Second Amended Complaint.

14.     Defendants admit the allegations in Paragraph 14 of the Second Amended Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Second Amended Complaint, except admit that Endicott is a 2012 graduate of Harvard Law School.

16.     Defendants admit the allegations in Paragraph 16 of the Second Amended Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Second Amended Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Second Amended Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Second Amended Complaint. Defendants further state that the Facebook Messenger exchange referenced in Paragraph 20 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

21.     Defendants admit the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Second Amended Complaint. Defendants further state that the Facebook Messenger exchange referenced in Paragraph 22 of the Second Amended Complaint speaks for itself and refer to the Facebook

4

Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

23.     Defendants state that the Facebook Messenger exchange referenced in Paragraph 23 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

24.     Defendants deny the allegations in Paragraph 24 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

25.     Defendants deny the allegations in Paragraph 25 of the Second Amended Complaint. Defendants state that the Facebook Messenger exchange referenced in Paragraph 25 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

26.     Defendants deny the allegations in Paragraph 26 of the Second Amended Complaint. Defendants further state that to the extent Paragraph 26 references a Facebook Messenger exchange, that Facebook Messenger exchange speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

27.     Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott

and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

28.     Defendants deny the allegations in Paragraph 28 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

29.     Defendants deny the allegations in Paragraph 29 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

30.     Defendants deny the allegations in Paragraph 30 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

31.     Defendants deny the allegations in Paragraph 31 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

32.     Defendants deny the allegations in Paragraph 32 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 23, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Second Amended Complaint, except deny that Endicott made a proposal.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Second Amended Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Second Amended Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Second Amended Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Second Amended Complaint and lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Shih found attractive.

39.     Defendants deny the allegations in Paragraph 39 of the Second Amended Complaint and lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to Shih's subjective feelings of trust.

40.     Defendants deny the allegations in Paragraph 40 of the Second Amended Complaint. Defendants further state that the Facebook Messenger exchange referenced in Paragraph 40 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

41.     Defendants deny the allegations in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 27, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

43.     Defendants deny the allegations in Paragraph 43 of the Second Amended Complaint.

44.     Defendants state that the Facebook Messenger exchange referenced in Paragraph 44 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

45.     Defendants state that the Facebook Messenger exchange referenced in Paragraph 45 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

46.     Defendants admit the allegations in Paragraph 46 of the Second Amended Complaint, except state that Endicott researched the public filings on April 27, 2015.

47.     Defendants state that the e-mail referenced in Paragraph 47 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

48.     Defendants state that the e-mail referenced in Paragraph 48 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

49.     Defendants deny the allegations in Paragraph 49 of the Second Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 27, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 27, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

53.     Defendants deny the allegations in Paragraph 53 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on April 27, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

54.     Defendants deny the allegations in Paragraph 54 of the Second Amended Complaint and further state that Paragraph 54 sets forth legal conclusions to which no response is required.

55.    Defendants deny the allegations in Paragraph 55 of the Second Amended Complaint and further state that Paragraph 55 sets forth legal conclusions to which no response is required.

56.    Defendants deny the allegations in Paragraph 56 of the Second Amended Complaint.

57.    Defendants deny the allegations in Paragraph 57 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 57 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

58.    Defendants deny the allegations in Paragraph 58 of the Second Amended Complaint, except admit that Ustun was an advisor of Petal.

59.    Defendants state that the e-mail referenced in Paragraph 59 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

60.    Defendants deny the allegations in Paragraph 60 of the Second Amended Complaint.

61.    Defendants deny the allegations in Paragraph 61 of the Second Amended Complaint, except admit that Endicott sent Ustun an e-mail on May 2, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

62.    Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint, except admit that Endicott sent Ustun an e-mail on May 3, 2015. Defendants refer to

10

the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

63.    Defendants deny the allegations in Paragraph 63 of the Second Amended Complaint.

64.    Defendants deny the allegations in Paragraph 64 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on May 2, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

65.    Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on May 2, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

66.    Defendants deny the allegations in Paragraph 66 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on May 2, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

67.    Defendants deny the allegations in Paragraph 67 of the Second Amended Complaint, except admit that Endicott sent Shih an e-mail on May 5, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

68.    Defendants deny the allegations in Paragraph 68 of the Second Amended Complaint.

11

69.     Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 69 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

70.     Defendants state that the e-mails referenced in Paragraph 70 of the Second Amended Complaint speak for themselves and refer to the e-mails for a complete and accurate statement of their contents. Defendants deny any mischaracterization thereof.

71.     Defendants state that the e-mail referenced in Paragraph 71 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

72.     Defendants deny the allegations in Paragraph 72 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 72 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

73.     Defendants deny the allegations in Paragraph 73 of the Second Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 74 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

75.     Defendants deny the allegations in Paragraph 75 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 75 of the Second

Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

76.     Defendants state that the e-mail referenced in Paragraph 76 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

77.     Defendants state that the e-mail referenced in Paragraph 77 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

78.     Defendants state that the e-mail referenced in Paragraph 78 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

79.     Defendants state that the e-mail referenced in Paragraph 79 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

80.     Defendants state that the e-mail referenced in Paragraph 80 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

81.     Defendants deny the allegations in Paragraph 81 of the Second Amended Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Second Amended Complaint, except admit that Endicott sent Shih an e-mail and DropBox invitation on May 9, 2015.

Defendants refer to the e-mail and invitation for a complete and accurate statement of their contents and deny any mischaracterization thereof.

83.     Defendants deny the allegations in Paragraph 83 of the Second Amended Complaint, except admit that Endicott sent Shih an e-mail on May 9, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

84.     Defendants deny the allegations in Paragraph 84 of the Second Amended Complaint, except admit that Endicott sent Shih an e-mail on May 9, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

85.     Defendants state that the e-mail referenced in Paragraph 85 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

86.     Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 86 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

87.     Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint, except admit that Endicott sent Ustun an e-mail on May 13, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

14

88.     Defendants deny the allegations in Paragraph 88 of the Second Amended Complaint, except admit that Endicott sent Ustun an e-mail on May 13, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

89.     Defendants state that the e-mail referenced in Paragraph 89 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

90.     Defendants deny the allegations in Paragraph 90 of the Second Amended Complaint.

91.     Defendants state that the e-mail referenced in Paragraph 91 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

92.     Defendants deny the allegations in Paragraph 92 of the Second Amended Complaint, except admit that Shih e-mailed Endicott on May 16, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

93.     Defendants deny the allegations in Paragraph 93 of the Second Amended Complaint. Defendants further state that Paragraph 93 sets forth legal conclusions to which no response is required.

94.     Defendants deny the allegations in Paragraph 94 of the Second Amended Complaint, except admit that Endicott e-mailed Saish Setty in May 2015.

95.     Defendants state that the e-mail referenced in Paragraph 95 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

96.     Defendants state that the e-mail referenced in Paragraph 96 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

97.     Defendants deny the allegations in Paragraph 97 of the Second Amended Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Second Amended Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Second Amended Complaint, except admit that Endicott e-mailed Susan Johnston Taylor and Setty in May 2015. Defendants further state that Paragraph 99 sets forth legal conclusions to which no response is required.

100.    Defendants deny the allegations in Paragraph 100 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 100 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

101.    Defendants deny the allegations in Paragraph 101 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 101 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

102.    Defendants deny the allegations in Paragraph 102 of the Second Amended Complaint. Defendants further state that the Facebook Messenger exchange referenced in Paragraph 201 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

103.    Defendants deny the allegations in Paragraph 103 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on June 1, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

104.    Defendants deny the allegations in Paragraph 104 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on June 2, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

105.    Defendants state that the e-mail referenced in Paragraph 105 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

106.    Defendants deny the allegations in Paragraph 106 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 106 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

107.    Defendants deny the allegations in Paragraph 107 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott

17

and Shih on June 5, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

108.    Defendants deny the allegations in Paragraph 108 of the Second Amended Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Second Amended Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Second Amended Complaint. Defendants further state that Paragraph 110 sets forth legal conclusions to which no response is required.

111.    Defendants deny the allegations in Paragraph 111 of the Second Amended Complaint.

112.    Defendants deny the allegations in Paragraph 112 of the Second Amended Complaint. Defendants further state that Paragraph 112 sets forth legal conclusions to which no response is required.

113.    Defendants state that the e-mail referenced in Paragraph 113 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

114.    Defendants deny the allegations in Paragraph 114 of the Second Amended Complaint.

115.    Defendants deny the allegations in Paragraph 115 of the Second Amended Complaint, except admit that Endicott sent Shih an e-mail on June 6, 2015. Defendants refer to the

e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

116.    Defendants deny the allegations in Paragraph 116 of the Second Amended Complaint, except admit that Endicott sent Yulia Fradkin an e-mail on June 7, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

117.    Defendants deny the allegations in Paragraph 117 of the Second Amended Complaint.

118.    Defendants deny the allegations in Paragraph 118 of the Second Amended Complaint. Defendants further state that Paragraph 118 sets forth legal conclusions to which no response is required.

119.    Defendants deny the allegations in Paragraph 119 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih on June 27, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

120.    Defendants deny the allegations in Paragraph 120 of the Second Amended Complaint.

121.    Defendants admit the allegations in Paragraph 121 of the Second Amended Complaint, except state that Endicott registered the web address "http://www.credit-bridge.com."

122.    Defendants admit the allegations in Paragraph 122 of the Second Amended Complaint.

123.    Defendants deny the allegations in Paragraph 123 of the Second Amended Complaint, except admit that Endicott sent an e-mail to Ustun titled "Credit Scoring Methodology" on June 11, 2015.

124.    Defendants admit that Endicott opened a "@creditbridge" Twitter account on or around June 21, 2015. Defendants otherwise deny the allegations in Paragraph 124 of the Second Amended Complaint. Defendants further state that the tweets referenced in Paragraph 124 of the Second Amended Complaint speak for themselves and refer to the tweets for a complete and accurate statement of their contents. Defendants deny any mischaracterization thereof.

125.    Defendants admit that Endicott launched a 99designs logo contest on or around June 10, 2015. Defendants state that the website referenced in Paragraph 125 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

126.    Defendants deny the allegations in Paragraph 126 of the Second Amended Complaint. Defendants further state that the website referenced in Paragraph 126 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof. Defendants further state that Paragraph 126 sets forth legal conclusions to which no response is required.

127.    Defendants admit the allegations in Paragraph 127 of the Second Amended Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Second Amended Complaint, except admit that Endicott and Ustun exchanged several e-mails on June 23, 2015.

Defendants refer to the e-mails for a complete and accurate statement of their contents and deny any mischaracterization thereof.

129.    Defendants state that the e-mail referenced in Paragraph 129 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

130.    Defendants state that the e-mail referenced in Paragraph 130 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

131.    Defendants deny the allegations in Paragraph 131 of the Second Amended Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Second Amended Complaint. Defendants further state that the website referenced in Paragraph 132 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

133.    Defendants admit that Endicott registered a second CreditBridge website, "http://www.creditbridge.com", on September 9, 2015. Defendants further state that the website referenced in Paragraph 133 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

134.    Defendants admit the allegations in Paragraph 134 of the Second Amended Complaint, except state that the articles were posted from early 2016 through May 2016.

135.     Defendants state that the website, Twitter feed, and documents referenced in Paragraph 135 of the Second Amended Complaint speak for themselves and refer to those materials for a complete and accurate statement of their contents. Defendants deny any mischaracterization thereof.

136.     Defendants state that the documents referenced in Paragraph 136 of the Second Amended Complaint speak for themselves and refer to the documents for a complete and accurate statement of their contents. Defendants deny any mischaracterization thereof.

137.     Defendants deny the allegations in Paragraph 137 of the Second Amended Complaint. Defendants state that the documents referenced in Paragraph 137 of the Second Amended Complaint speak for themselves and refer to the documents for a complete and accurate statement of their contents. Defendants deny any mischaracterization thereof.

138.     Defendants deny the allegations in Paragraph 138 of the Second Amended Complaint. Defendants state that the document referenced in Paragraph 138 speaks for itself and refer to the document for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

139.     Defendants deny the allegations in Paragraph 139 of the Second Amended Complaint.

140.     Defendants state that the e-mail referenced in Paragraph 140 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

141.     Defendants deny the allegations in Paragraph 141 of the Second Amended Complaint, except admit that Shih sent Endicott a message over Facebook messenger on August

7, 2015. Defendants refer to the Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof. Defendants lack knowledge or information sufficient to form a belief as to the truth of what Shih expected.

142.    Defendants deny the allegations in Paragraph 142 of the Second Amended Complaint, except admit that Endicott sent an e-mail to Gross and Ustun on August 8, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof. Defendants lack knowledge or information sufficient to form a belief about what was known to Shih.

143.    Defendants deny the allegations in Paragraph 143 of the Second Amended Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Second Amended Complaint, except admit that Fradkin posted on Facebook on August 11, 2015. Defendants refer to the Facebook post for a complete and accurate statement of its contents and deny any mischaracterization thereof. Defendants lack knowledge or information sufficient to form a belief as to the truth of what Shih saw or when.

145.    Defendants deny the allegations in Paragraph 145 of the Second Amended Complaint, except admit that Shih sent Endicott an e-mail on August 12, 2015. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof. Defendants lack knowledge or information sufficient to form a belief as to the Shih's motivations for e-mailing Endicott on August 12, 2015.

146.    Defendants admit the allegations in Paragraph 146 of the Second Amended Complaint.

147.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Second Amended Complaint.

148.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Second Amended Complaint.

149.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Second Amended Complaint, except admit that Fradkin lived with Endicott in August 2015. Defendants further state that Paragraph 149 sets forth legal conclusions to which no response is required.

150.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Second Amended Complaint. Defendants further state that Paragraph 150 sets forth legal conclusions to which no response is required.

151.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Second Amended Complaint. Defendants further state that Paragraph 151 sets forth legal conclusions to which no response is required.

152.     Defendants deny the allegations in Paragraph 152 of the Second Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of Shih's beliefs. Defendants further state that Paragraph 152 sets forth legal conclusions to which no response is required.

153.     Defendants deny the allegations in Paragraph 153 of the Second Amended Complaint.

154.    Defendants state that the e-mail referenced in Paragraph 154 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

155.    Defendants state that the fact sheet referenced in Paragraph 155 of the Second Amended Complaint speaks for itself and refer to the fact sheet for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

156.    Defendants admit the allegations in Paragraph 156 of the Second Amended Complaint.

157.    Defendants state that the website referenced in Paragraph 157 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

158.    Defendants state that the website referenced in Paragraph 158 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

159.    Defendants state that the website referenced in Paragraph 159 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

160.    Defendants deny the allegations in Paragraph 160 of the Second Amended Complaint.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Second Amended Complaint. Defendants admit that Endicott listed his position as Co-Founder of CreditBridge on his LinkedIn profile.

162.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Second Amended Complaint. Defendants admit that Gross listed his position as Co-Founder of CreditBridge on his LinkedIn profile.

163.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Second Amended Complaint.

164.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Second Amended Complaint.

165.     Defendants deny the allegations in Paragraph 165 of the Second Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of what Shih learned or investigated in February 2016. Defendants further state that Paragraph 165 sets forth legal conclusions to which no response is required.

166.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Second Amended Complaint. Defendants admit that Gross graduated from Harvard Law School in 2012.

167.     Defendants deny the allegations in Paragraph 167 of the Second Amended Complaint, except admit that Gross is a co-founder and the Chief Executive Officer of Petal.

168.     Defendants deny the allegations in Paragraph 168 of the Second Amended Complaint, except admit that Ustun was an advisor of Petal.

169.     Defendants deny the allegations in Paragraph 169 of the Second Amended Complaint.

170.     Defendants state that the e-mail referenced in Paragraph 170 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

171.     Defendants admit the allegations in Paragraph 171 of the Second Amended Complaint.

172.     Defendants deny the allegations in Paragraph 172 of the Second Amended Complaint, except admit that Endicott and Gross corresponded via e-mail with individuals who were not Shih in February 2016.

173.     Defendants deny the allegations in Paragraph 173 of the Second Amended Complaint, except admit that Gross sent an e-mail to a third party on March 1, 2016. Defendants refer to the e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

174.     Defendants state that the e-mail referenced in Paragraph 174 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

175.     Defendants admit the allegations in Paragraph 175 of the Second Amended Complaint.

176.     Defendants deny the allegations in Paragraph 176 of the Second Amended Complaint, except admit that Endicott exchanged e-mails with Gross, Ustun, and others. Defendants refer to those e-mails for a complete and accurate statement of their contents and deny any mischaracterization thereof. Defendants further state that Paragraph 176 sets forth legal conclusions to which no response is required.

177.     Defendants state that the LinkedIn message referenced in Paragraph 177 of the Second Amended Complaint speaks for itself and refer to the message for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

178.     Defendants deny the allegations in Paragraph 178 of the Second Amended Complaint, except admit that Gross did not respond to the message referenced in Paragraph 178. Defendants refer to that message for a complete and accurate statement of its contents and deny any mischaracterization thereof.

179.     Defendants deny the allegations in Paragraph 179 of the Second Amended Complaint, except admit that Gross, Endicott, and Ustun e-mailed on March 2, 2016. Defendants refer to those e-mails for a complete and accurate statement of their contents and deny any mischaracterization thereof.

180.     Defendants deny the allegations in Paragraph 180 of the Second Amended Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Second Amended Complaint, except admit that Gross practiced for four years in corporate law.

182.     Defendants deny the allegations in Paragraph 182 of the Second Amended Complaint.

183.     Defendants state that the blog post referenced in Paragraph 183 of the Second Amended Complaint speaks for itself and refer to the blog post for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

184.    Defendants state that the e-mail referenced in Paragraph 184 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

185.    Defendants deny the allegations in Paragraph 185 of the Second Amended Complaint, except admit that Endicott e-mailed Shih within six hours after Shih e-mailed Gross on March 24, 2016.

186.    Defendants state that the e-mail referenced in Paragraph 186 of the Second Amended Complaint speaks for itself and refer to the email for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

187.    Defendants deny the allegations in Paragraph 187 of the Second Amended Complaint.

188.    Defendants deny the allegations in Paragraph 188 of the Second Amended Complaint. Defendants further state that Paragraph 188 sets forth legal conclusions to which no response is required.

189.    Defendants state that the e-mail referenced in Paragraph 189 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

190.    Defendants deny the allegations in Paragraph 190 of the Second Amended Complaint, except admit that Endicott and Gross did not respond to Shih's March 25, 2016 e-mail.

191.    Defendants deny the allegations in Paragraph 191 of the Second Amended Complaint.

192.     Defendants deny the allegations in Paragraph 192 of the Second Amended Complaint.

193.     Defendants state that the tweet referenced in Paragraph 193 of the Second Amended Complaint speaks for itself and refer to the tweet for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

194.     Defendants state that the tweet referenced in Paragraph 194 of the Second Amended Complaint speaks for itself and refer to the tweet for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

195.     Defendants state that the tweet referenced in Paragraph 195 of the Second Amended Complaint speaks for itself and refer to the tweet for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

196.     Defendants deny the allegations in Paragraph 196 of the Second Amended Complaint. Defendants further state that the e-mail referenced in Paragraph 196 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

197.     Defendants state that the e-mail referenced in Paragraph 197 of the Second Amended Complaint speaks for itself and refer to the e-mail for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

198.     Defendants deny the allegations in Paragraph 198 of the Second Amended Complaint.

199.     Defendants deny the allegations in Paragraph 199 of the Second Amended Complaint.

200.    Defendants deny the allegations in Paragraph 200 of the Second Amended Complaint.

201.    Defendants deny the allegations in Paragraph 201 of the Second Amended Complaint, except admit that CreditBridge, Inc. officially changed its name to Petal Card, Inc. in September 2016.

202.    Defendants deny the allegations in Paragraph 202 of the Second Amended Complaint.

203.    Defendants deny the allegations in Paragraph 203 of the Second Amended Complaint.

204.    Defendants state that the Stock Purchase Agreement referenced in Paragraph 204 of the Second Amended Complaint speaks for itself and refer to the Stock Purchase Agreement for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

205.    Defendants state that the Stock Purchase Agreement referenced in Paragraph 205 of the Second Amended Complaint speaks for itself and refer to the Stock Purchase Agreement for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

206.    Defendants deny the allegations in Paragraph 206 of the Second Amended Complaint.

207.    Defendants deny the allegations in Paragraph 207 of the Second Amended Complaint. Defendants further state that Paragraph 207 sets forth or assumes legal conclusions to which no response is required.

208.    Defendants deny the allegations in Paragraph 208 of the Second Amended Complaint. Defendants further state that Paragraph 208 sets forth or assumes legal conclusions to which no response is required.

209.    Defendants deny the allegations in Paragraph 209 of the Second Amended Complaint. Defendants further state that Paragraph 209 sets forth or assumes legal conclusions to which no response is required.

210.    Defendants deny the allegations in Paragraph 210 of the Second Amended Complaint, except admit that Gross and Endicott are co-founders of Petal and have also been executives and board members since its incorporation.

211.    Defendants deny the allegations in Paragraph 211 of the Second Amended Complaint.

212.    Defendants deny the allegations in Paragraph 212 of the Second Amended Complaint. Defendants further state that Paragraph 212 sets forth or assumes legal conclusions to which no response is required.

213.    Defendants deny the allegations in Paragraph 213 of the Second Amended Complaint, except admit that Gross published an article on September 7, 2017. Defendants refer to the article for a complete and accurate statement of its contents and deny any mischaracterization thereof.

214.    Defendants deny the allegations in Paragraph 214 of the Second Amended Complaint. Defendants further state that the website referenced in Paragraph 214 of the Second Amended Complaint speaks for itself and refer to the website for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

215.   Defendants deny the allegations in Paragraph 215 of the Second Amended Complaint. Defendants further state that Paragraph 215 sets forth or assumes legal conclusions to which no response is required.

216.   Defendants deny the allegations in Paragraph 216 of the Second Amended Complaint.

217.   Defendants deny the allegations in Paragraph 217 of the Second Amended Complaint.

218.   Defendants deny the allegations in Paragraph 218 of the Second Amended Complaint, except admit that Endicott and Shih corresponded on Facebook Messenger and over e-mail. Defendants refer to the correspondence for a complete and accurate statement of its contents and deny any mischaracterization thereof.

219.   Defendants deny the allegations in Paragraph 219 of the Second Amended Complaint.

220.   Defendants deny the allegations in Paragraph 220 of the Second Amended Complaint.

221.   Defendants deny the allegations in Paragraph 221 of the Second Amended Complaint.

222.   Defendants deny the allegations in Paragraph 222 of the Second Amended Complaint.

223.   Defendants admit the allegations in Paragraph 223 of the Second Amended Complaint.

224.    Defendants deny the allegations in Paragraph 224 of the Second Amended Complaint.

225.    Defendants admit the allegations in Paragraph 225 of the Second Amended Complaint.

226.    Defendants deny the allegations in Paragraph 226 of the Second Amended Complaint, including to the extent they purport to characterize the precise amount of money raised by Petal within an undefined four-year period. Defendants admit that Petal and its co-founders Endicott and Gross have been praised in the press, and that Endicott has lectured on strategic transactions at the Walton College of Business at the University of Arkansas.

227.    Defendants deny the allegations in Paragraph 227 of the Second Amended Complaint.

228.    Defendants state that the article referenced in Paragraph 228 of the Second Amended Complaint speaks for itself and refer to the article for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

229.    Defendants state that Petal's 2018 marketing materials referenced in Paragraph 229 of the Second Amended Complaint speak for themselves and refer to those marketing materials for a complete and accurate statement of their contents. Defendants deny any mischaracterization thereof. Defendants deny the remaining allegations in Paragraph 229 of the Second Amended Complaint, except admit that Gross was invited to speak at the Bureau of Consumer Financial Protection's symposium "Building a Bridge to Credit Visibility."

230.    Defendants state that the article referenced in Paragraph 230 of the Second Amended Complaint speaks for itself and refer to the article for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

231.    Defendants state that the article referenced in Paragraph 231 of the Second Amended Complaint speaks for itself and refer to the article for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

232.    Defendants deny the allegations in Paragraph 232 of the Second Amended Complaint.

233.    Defendants deny the allegations in Paragraph 233 of the Second Amended Complaint.

234.    Defendants deny the allegations in Paragraph 234 of the Second Amended Complaint.

235.    Paragraph 235 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 235 contains factual allegations, Defendants deny the allegations in Paragraph 235.

236.    Paragraph 236 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 236 contains factual allegations, Defendants deny the allegations in Paragraph 236.

237.    Defendants incorporate by reference their responses to Paragraphs 1-236 of the Second Amended Complaint as if set forth herein.

238.    Paragraph 238 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 238 contains factual allegations, Defendants deny the allegations in Paragraph 238.

239.    Paragraph 239 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 239 contains factual allegations, Defendants deny the allegations in Paragraph 239.

240.    Paragraph 240 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 240 contains factual allegations, Defendants deny the allegations in Paragraph 240.

241.    Paragraph 241 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 241 contains factual allegations, Defendants deny the allegations in Paragraph 241.

242.    Paragraph 242 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 242 contains factual allegations, Defendants deny the allegations in Paragraph 242.

243.    Paragraph 243 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 243 contains factual allegations, Defendants deny the allegations in Paragraph 243.

244.    Paragraph 244 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 244 contains factual allegations, Defendants deny the allegations in Paragraph 244.

36

245.     Paragraph 245 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 245 contains factual allegations, Defendants deny the allegations in Paragraph 245.

246.     Paragraph 246 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 246 contains factual allegations, Defendants deny the allegations in Paragraph 246. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Shih reposed trust and confidence or relied on Endicott.

247.     Paragraph 247 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 247 contains factual allegations, Defendants deny the allegations in Paragraph 247.

248.     Paragraph 248 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 248 contains factual allegations, Defendants deny the allegations in Paragraph 248.

249.     Paragraph 249 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 249 contains factual allegations, Defendants deny the allegations in Paragraph 249.

250.     Paragraph 250 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 250 contains factual allegations, Defendants deny the allegations in Paragraph 250. Defendants lack knowledge or information sufficient to form a belief as to the truth of what Shih understood.

251.    Paragraph 251 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 251 contains factual allegations, Defendants deny the allegations in Paragraph 251. Defendants lack knowledge or information sufficient to form a belief as to the truth of Shih's familiarity with U.S. corporate law and business organization practices, and whether she relied on or reposed trust and confidence in Endicott.

252.    Paragraph 252 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 252 contains factual allegations, Defendants deny the allegations in Paragraph 252.

253.    Paragraph 253 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 253 contains factual allegations, Defendants deny the allegations in Paragraph 253.

254.    Paragraph 254 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 254 contains factual allegations, Defendants deny the allegations in Paragraph 254.

255.    Paragraph 255 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 255 contains factual allegations, Defendants deny the allegations in Paragraph 255.

256.    Paragraph 256 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 256 contains factual allegations, Defendants deny the allegations in Paragraph 256.

257.    Paragraph 257 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 257 contains factual allegations, Defendants deny the allegations in Paragraph 257.

258.    Paragraph 258 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 258 contains factual allegations, Defendants deny the allegations in Paragraph 258.

259.    Paragraph 259 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 259 contains factual allegations, Defendants deny the allegations in Paragraph 259.

260.    Paragraph 260 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 260 contains factual allegations, Defendants deny the allegations in Paragraph 260.

261.    Paragraph 261 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 261 contains factual allegations, Defendants deny the allegations in Paragraph 261.

262.    Paragraph 262 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 262 contains factual allegations, Defendants deny the allegations in Paragraph 262.

263.    Paragraph 263 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 263 contains factual allegations, Defendants deny the allegations in Paragraph 263.

264.     Paragraph 264 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 264 contains factual allegations, Defendants deny the allegations in Paragraph 264.

265.     Paragraph 265 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 265 contains factual allegations, Defendants deny the allegations in Paragraph 265.

266.     Paragraph 266 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 266 contains factual allegations, Defendants deny the allegations in Paragraph 266.

267.     Paragraph 267 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 267 contains factual allegations, Defendants deny the allegations in Paragraph 267.

268.     Paragraph 268 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 268 contains factual allegations, Defendants deny the allegations in Paragraph 268, except they state that the Facebook Messenger exchange referenced in Paragraph 268 of the Second Amended Complaint speaks for itself and refer to the Facebook Messenger exchange for a complete and accurate statement of its contents. Defendants deny any mischaracterization thereof.

269.     Paragraph 269 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 269 contains factual allegations, Defendants deny the allegations in Paragraph 269.

270.     Paragraph 270 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 270 contains factual allegations, Defendants deny the allegations in Paragraph 270.

271.     Paragraph 271 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 271 contains factual allegations, Defendants deny the allegations in Paragraph 271.

272.     Paragraph 272 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 272 contains factual allegations, Defendants deny the allegations in Paragraph 272.

273.     Paragraph 273 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 273 contains factual allegations, Defendants deny the allegations in Paragraph 273.

274.     Paragraph 274 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 274 contains factual allegations, Defendants deny the allegations in Paragraph 274.

275.     Paragraph 275 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 275 contains factual allegations, Defendants deny the allegations in Paragraph 275.

276.     Paragraph 276 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 276 contains factual allegations, Defendants deny the allegations in Paragraph 276. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Shih relied on Endicott.

41

277.     Paragraph 277 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 277 contains factual allegations, Defendants deny the allegations in Paragraph 277. Defendants lack knowledge or information sufficient to form a belief as to Shih's beliefs about Endicott.

278.     Paragraph 278 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 278 contains factual allegations, Defendants deny the allegations in Paragraph 278. Defendants lack knowledge or information sufficient to form a belief as to the truth of: (i) Shih's familiarity with U.S. law, start-up culture, and business organization practices and (ii) whether Shih had limited ability to travel in 2015, obtain information about CreditBridge, or hold Endicott "accountable."

279.     Paragraph 279 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 279 contains factual allegations, Defendants deny the allegations in Paragraph 279. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Shih relied upon Endicott.

280.     Paragraph 280 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 280 contains factual allegations, Defendants deny the allegations in Paragraph 280.

281.     Paragraph 281 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 281 contains factual allegations, Defendants deny the allegations in Paragraph 281.

282.    Paragraph 282 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 282 contains factual allegations, Defendants deny the allegations in Paragraph 282.

283.    Paragraph 283 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 283 contains factual allegations, Defendants deny the allegations in Paragraph 283.

284.    Paragraph 284 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 284 contains factual allegations, Defendants deny the allegations in Paragraph 284.

285.    Paragraph 285 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 285 contains factual allegations, Defendants deny the allegations in Paragraph 285.

286.    Paragraph 286 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 286 contains factual allegations, Defendants deny the allegations in Paragraph 286.

287.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

288.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

289.    Defendants incorporate by reference their responses to Paragraphs 1-288 of the Second Amended Complaint as if set forth herein.

290.    Paragraph 290 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 290 contains factual allegations, Defendants deny the allegations in Paragraph 290.

291.    Paragraph 291 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 291 contains factual allegations, Defendants deny the allegations in Paragraph 291.

292.    Paragraph 292 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 292 contains factual allegations, Defendants deny the allegations in Paragraph 292.

293.    Paragraph 293 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 293 contains factual allegations, Defendants deny the allegations in Paragraph 293, except admit that Gross received an e-mail from Shih on February 16, 2016. Defendants refer to that e-mail for a complete and accurate statement of its contents and deny any mischaracterization thereof.

294.    Paragraph 294 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 294 contains factual allegations, Defendants deny the allegations in Paragraph 294.

295.    Defendants deny the allegations in Paragraph 295 of the Second Amended Complaint.

296.    Paragraph 296 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 296 contains factual allegations, Defendants deny the allegations in Paragraph 296.

297.    Paragraph 297 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 297 contains factual allegations, Defendants deny the allegations in Paragraph 297.

298.    Paragraph 298 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 298 contains factual allegations, Defendants deny the allegations in Paragraph 298.

299.    Paragraph 299 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 299 contains factual allegations, Defendants deny the allegations in Paragraph 299.

300.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

301.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

302.    Defendants incorporate by reference their responses to Paragraphs 1-301 of the Second Amended Complaint as if set forth herein.

303.    Paragraph 303 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 303 contains factual allegations, Defendants deny the allegations in Paragraph 303.

304.    Paragraph 304 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 304 contains factual allegations, Defendants deny the allegations in Paragraph 304.

305.     Paragraph 305 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 305 contains factual allegations, Defendants deny the allegations in Paragraph 305.

306.     Paragraph 306 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 306 contains factual allegations, Defendants deny the allegations in Paragraph 306.

307.     Paragraph 307 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 307 contains factual allegations, Defendants deny the allegations in Paragraph 307.

308.     Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

309.     Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

310.     Defendants incorporate by reference their responses to Paragraphs 1-309 of the Second Amended Complaint as if set forth herein.

311.     Paragraph 311 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 311 contains factual allegations, Defendants deny the allegations in Paragraph 311.

312.     Paragraph 312 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 312 contains factual allegations, Defendants deny the allegations in Paragraph 312.

313.     Paragraph 313 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 313 contains factual allegations, Defendants deny the allegations in Paragraph 313.

314.     Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

315.     Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

316.     Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

317.     Paragraph 317 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 317 contains factual allegations, Defendants deny the allegations in Paragraph 317.

318.     Defendants incorporate by reference their responses to Paragraphs 1-317 of the Second Amended Complaint as if set forth herein.

319.     Paragraph 319 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 319 contains factual allegations, Defendants deny the allegations in Paragraph 319.

320.     Paragraph 320 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 320 contains factual allegations, Defendants deny the allegations in Paragraph 320.

321.    Paragraph 321 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 321 contains factual allegations, Defendants deny the allegations in Paragraph 321.

322.    Paragraph 322 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 322 contains factual allegations, Defendants deny the allegations in Paragraph 322.

323.    Paragraph 323 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 323 contains factual allegations, Defendants deny the allegations in Paragraph 323.

324.    Paragraph 324 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 324 contains factual allegations, Defendants deny the allegations in Paragraph 324.

325.    Paragraph 325 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 325 contains factual allegations, Defendants deny the allegations in Paragraph 325.

326.    Paragraph 326 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 326 contains factual allegations, Defendants deny the allegations in Paragraph 326.

327.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

328.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

329.     Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

330.     Paragraph 330 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 330 contains factual allegations, Defendants deny the allegations in Paragraph 330.

331.     Defendants incorporate by reference their responses to Paragraphs 1-330 of the Second Amended Complaint as if set forth herein.

332.     Paragraph 332 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 332 contains factual allegations, Defendants deny the allegations in Paragraph 332.

333.     Paragraph 333 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 333 contains factual allegations, Defendants deny the allegations in Paragraph 333.

334.     Paragraph 334 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 334 contains factual allegations, Defendants deny the allegations in Paragraph 334.

335.     Paragraph 335 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 335 contains factual allegations, Defendants deny the allegations in Paragraph 335.

336.     Paragraph 336 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 336 contains factual allegations, Defendants deny the allegations in Paragraph 336. Defendants deny that Shih is entitled to any of

the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

337.    Paragraph 337 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 337 contains factual allegations, Defendants deny the allegations in Paragraph 337.

338.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

339.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

340.    Defendants incorporate by reference their responses to Paragraphs 1-339 of the Second Amended Complaint as if set forth herein.

341.    Paragraph 341 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 341 contains factual allegations, Defendants deny the allegations in Paragraph 341.

342.    Paragraph 342 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 342 contains factual allegations, Defendants deny the allegations in Paragraph 342.

343.    Paragraph 343 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 343 contains factual allegations, Defendants deny the allegations in Paragraph 343.

344.    Paragraph 344 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 344 contains factual allegations, Defendants deny the allegations in Paragraph 344.

345.    Paragraph 345 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 345 contains factual allegations, Defendants deny the allegations in Paragraph 345.

346.    Paragraph 346 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 346 contains factual allegations, Defendants deny the allegations in Paragraph 346.

347.    Paragraph 347 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 347 contains factual allegations, Defendants deny the allegations in Paragraph 347.

348.    Defendants incorporate by reference their responses to Paragraphs 1-347 of the Second Amended Complaint as if set forth herein.

349.    Paragraph 349 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 349 contains factual allegations, Defendants deny the allegations in Paragraph 349.

350.    Defendants deny the allegations in Paragraph 350 of the Second Amended Complaint.

351.    Paragraph 351 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 351 contains factual allegations, Defendants deny the allegations in Paragraph 351.

352.    Defendants deny the allegations in Paragraph 352 of the Second Amended Complaint, except admit that there was an exchange on Facebook Messenger between Endicott and Shih. Defendants refer to that Facebook Messenger exchange for a complete and accurate statement of its contents and deny any mischaracterization thereof.

353.    Defendants deny the allegations in Paragraph 353 of the Second Amended Complaint, except admit that Endicott communicated with Ustun. Defendants refer to those communications for a complete and accurate statement of their contents and deny any mischaracterization thereof.

354.    Defendants deny the allegations in Paragraph 354 of the Second Amended Complaint.

355.    Paragraph 355 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 355 contains factual allegations, Defendants deny the allegations in Paragraph 355.

356.    Paragraph 356 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 356 contains factual allegations, Defendants deny the allegations in Paragraph 356.

357.    Paragraph 357 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 357 contains factual allegations, Defendants deny the allegations in Paragraph 357.

358.    Paragraph 358 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 358 contains factual allegations, Defendants deny the allegations in Paragraph 358.

359.    Defendants incorporate by reference their responses to Paragraphs 1-358 of the Second Amended Complaint as if set forth herein.

360.    Paragraph 360 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 360 contains factual allegations, Defendants deny the allegations in Paragraph 360. Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

361.    Paragraph 361 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 361 contains factual allegations, Defendants deny the allegations in Paragraph 361.

362.    Paragraph 362 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 362 contains factual allegations, Defendants deny the allegations in Paragraph 362.

363.    Paragraph 363 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 363 contains factual allegations, Defendants deny the allegations in Paragraph 363.

364.    Paragraph 364 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 364 contains factual allegations, Defendants deny the allegations in Paragraph 364. Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

365.    Defendants incorporate by reference their responses to Paragraphs 1-364 of the Second Amended Complaint as if set forth herein.

366.    Paragraph 366 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 366 contains factual allegations, Defendants deny the allegations in Paragraph 366.

367.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

368.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

369.    Defendants incorporate by reference their responses to Paragraphs 1-368 of the Second Amended Complaint as if set forth herein.

370.    Paragraph 370 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 370 contains factual allegations, Defendants deny the allegations in Paragraph 370.

371.    Paragraph 371 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent Paragraph 371 contains factual allegations, Defendants deny the allegations in Paragraph 371. Defendants deny that Shih has any cause of action against Defendants.

372.    Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

373.    Defendants deny each and every allegation, statement, and matter not expressly admitted or qualified here. Sections (a) through (m) on pages 72 – 74 of the Second Amended

Complaint are denied in their entirety. Defendants deny that Shih is entitled to any of the relief requested or to any other relief based on the allegations in the Second Amended Complaint.

Dated: October 26, 2020

Respectfully submitted,

*/s/ Joshua Matz*
Joshua Matz
Martha E. Fitzgerald
Valeria M. Pelet del Toro
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
jmatz@kaplanhecker.com
mfitzgerald@kaplanhecker.com
vpeletdeltoro@kaplanhecker.com

*Attorneys for Defendants Petal Card, Inc.,*
*Andrew Endicott, and Jason Gross*