# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   929.294.2537
DIRECT EMAIL   jmatz@kaplanhecker.com

April 15, 2021

**BY CM/ECF**

The Chambers of the Honorable Judge Barbara Moses
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

      Re:    *Shih v. Petal Card, Inc., et al.*, No. 1:18-cv-05495-JFK-BCM

Dear Judge Moses,

      We write on behalf of Defendants pursuant to Local Rule 37.2 and Your Honor's Individual Practices Rule 2.b to request a pre-motion conference with the Court to compel the production of certain documents from non-parties Howard Altman, Kerry Botensten, Lane Kauder, Benjamin Leff, Radiant Lifestyle, LLC ("Radiant"), and Tripsha, Inc. ("Tripsha").

      As background, Plaintiff Cassandra Shih brings this case against Petal Card, Inc. ("Petal") and its founders, Andrew Endicott and Jason Gross, alleging that she is entitled to benefit from the success of Petal because of purported communications—two calls and some messages exchanged by email and on social media—that she had with Mr. Endicott the year before Petal's incorporation. Ms. Shih claims that the idea for Petal was contained in these exchanges and that they imposed contractual and fiduciary duties upon Defendants.

      On September 23, 2020, Judge Keenan granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint. *See* ECF 116. Prior to and since then, the parties have exchanged documents and discovery. The deadline for substantial completion of party document production is May 7, 2021. *See* ECF 137. The parties are also actively engaged in non-party discovery. Subpoenas to six non-parties serve as the basis for this motion.[1] Three of the non-parties are two of Plaintiff's businesses and her husband and business partner (the "Shih Non-Parties"). The other three are current or former employees or advisors of one of Plaintiff Shih's businesses. All six are represented by Cassandra Vogel of Yankwitt LLP. The subpoenas seek documents from January 1, 2013 to the present that are central to the claims and defenses at issue,

---

[1] The other individuals who have been served with Defendants' non-party subpoenas have responded to the subpoenas in accordance with their obligations pursuant to Federal Rule of Civil Procedure 45.

KAPLAN HECKER & FINK LLP

2

including documents concerning Plaintiff's business experiences and practices in the credit sector and otherwise, her relevant skills and expertise (or lack thereof), her *modus operandi* in recent years for entering into and performing business agreements in the startup space, her implied or express views about industry practice respecting such agreements and performance, and how she represents herself to others and describes (or does not describe) her involvement in Petal in a professional capacity. *See* Exhibit A (relevant subpoenas and received responses and objections).

The non-parties have failed to comply with these subpoenas. The Shih Non-Parties and Mr. Altman have produced limited documents. Ms. Botensten and Mr. Leff have refused to comply at all. We have engaged with Ms. Vogel to try to resolve the issues. While we have made some progress with respect to certain requests, the biggest issue is now ripe for judicial consideration.[2] Specifically, Ms. Vogel has asserted a February 15, 2019 "end date" for the production of documents, has not produced documents subsequent to that date, and has stated unequivocally that her clients will not produce documents subsequent to that date.[3] We have exchanged multiple letters with Ms. Vogel regarding this issue and Defendants' counsel Valerie Hletko engaged in a nearly hour-long meet and confer via Webex with Ms. Vogel on April 1, 2021 at 4:00 pm, but have been unable to reach a resolution on this point. Given the impending discovery deadlines and the parties' communication on the issue to impasse, Defendants ask the Court's assistance in resolving this dispute.

Defendants are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In the context of non-party discovery, "[r]elevance has been broadly interpreted to include any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Gilani v. Hewlett Packard Co.*, No. 15 Civ. 5609, 2017 WL 4236564, at *1 (S.D.N.Y. Sept. 22, 2017) (internal quotation marks omitted). The documents requested by these subpoenas go to the heart of the defenses in this litigation and are unquestionably relevant under the applicable rules. Ms. Shih claims that a series of informal communications over a few months with Mr. Endicott in 2015 imposed contractual and fiduciary duties upon Defendants. Defendants have disputed this claim, including whether it is well-founded in the context of startup culture and whether a reasonable person would have understood them to have the effect Plaintiff Shih contends she understood them to have. To date, Ms. Shih has enjoyed a presumption in her favor as to that claim. In order for Defendants to test it, they must have evidence demonstrating, among other things, Ms. Shih's *modus operandi* in forming her businesses and how she has formalized her ideas and engaged in legally binding agreements with other potential co-founders, business partners, and advisors. *See, e.g., Persh v. Petersen*, No. 15 Civ. 1414, 2016 WL 5793749, at *2 (S.D.N.Y. Oct. 4, 2016). In short, Defendants must be able to show how Ms. Shih conducts herself when she genuinely believes she is starting a business with someone—not only at the very outset, but in the course of actually starting and launching a business venture.

---

[2] Defendants have concerns regarding the handling and delay of the non-parties' responses to these subpoenas; their objections with respect to relevance, burden, and privilege; and the lack of production of any documents from Mr. Leff and Ms. Botensten. We remain in negotiations with Ms. Vogel with respect to these issues. Defendants reserve all rights to raise and address these issues with the Court should that become necessary.

[3] Mr. Kauder has produced a limited set of documents that post-date February 2019 which are responsive to requests related to his assistance in preparing Plaintiff for this litigation.

KAPLAN HECKER & FINK LLP

3

This is particularly true as it relates to Ms. Shih's familiarity with and interactions in the startup community and on issues relating to credit access. Ms. Shih has put her professional background directly at issue. *See, e.g.*, ECF 93 ¶¶ 23, 251. Indeed, discovery obtained to date demonstrates that Ms. Shih represents herself as a seasoned business professional who played an integral role in multiple startups, despite her allegations in the Second Amended Complaint that she has limited knowledge of startup culture and business organization practices. *See id.* ¶ 278. In light of these allegations, Defendants are entitled to understand Ms. Shih's experiences and expertise, and her representations of them through the present day, both generally with respect to business formation and industry practice in the startup community and specifically with respect to underwriting and other matters relating to credit. *See, e.g.*, *FCOF UB Sec. LLC v. MorEquity, Inc.*, 663 F. Supp. 2d 224, 231 (S.D.N.Y. 2009) (evidence of "industry custom" probative of "whether it is customary to accord binding force to a certain type of preliminary agreement").

Ms. Vogel's core position is that her clients are not required to produce otherwise relevant documents subsequent to February 15, 2019 based on her interpretation of a July 3, 2019 letter, in which Defendants provided a one-off, point-in-time accommodation, without prejudice, to Ms. Shih with respect to the timeframe for five requests for production served on Plaintiff. *See* Exhibit B (Letter from C. Vogel to V. Hletko dated March 25, 2021). During the meet and confer, Ms. Vogel confirmed that her position with respect to this "end date" was based solely on her understanding of the effect of this letter.

Ms. Vogel's position is misinformed. The July 3, 2019 letter makes clear that (i) any accommodation as to timeframe was limited to five specific requests; (ii) there was no global agreement to unilaterally limit the timeframe for Plaintiff's discovery obligations; and (iii) there was no mention of—let alone any agreement regarding—third-party discovery. *See* Exhibit C (Letter from J. Matz to P. Dawson dated July 3, 2019), at 2. Ms. Shih's own conduct confirms this, as she has responded to other business-related requests that are not the subject of any point-in-time accommodation. *See* Exhibit D (Letter from V. Hletko to C. Vogel dated April 5, 2021). And Ms. Shih herself has aggressively pursued post-February 2019 discovery into Defendants.

Following the meet and confer, Ms. Vogel offered three fallback arguments. *See* Exhibit E (Letter from C. Vogel to V. Hletko dated April 8, 2021). First, Ms. Vogel argued that documents evidencing Plaintiff's "conduct in operating a business and interacting with business associates *more than five years* after the allegations in the Complaint" cannot be relevant. Ex. E at 2. Outside the context of Defendants' July 3, 2019 letter and a dispute about an "end date," this argument makes no sense: there is nothing otherwise notable about the date February 15, 2019. Responsive documents that post-date February 15, 2019 are relevant for the same reasons as earlier responsive documents.

The documents that the Shih Non-Parties and Mr. Altman *have* produced—as well as documents produced by non-parties not represented by Ms. Vogel—demonstrate the relevance of the requests and the artificiality of the purported end date. For example, Tripsha produced 14 emails dated February 15, 2019, which are part of email threads that, among other things, exemplify how Ms. Shih represents her business at that point in its development and how she

conducts outreach to potential business partners, investors, and other contacts.[4] Ms. Vogel's assertion that these types of documents cease to be relevant as of February 16, 2019 is entirely unsupportable given the nature of the claims and defenses in this litigation.

Second, Ms. Vogel argued that Defendants were "required" to seek documents responsive to their subpoenas from Plaintiff "before seeking discovery from the Nonparties." Ex. E at 2. That is incorrect. Even if Defendants did not "demand the documents through party discovery," they "are nevertheless within their rights to seek the discovery from a non-party absent the imposition of an undue burden on the subpoenaed non-party." *Allstate Ins. Co. v. A & F Med. P.C.*, No. 14 Civ. 6756, 2016 WL 7116067, at *3 (E.D.N.Y. Dec. 6, 2016). Ms. Vogel has never articulated with specificity the burden purportedly imposed by extending compliance with Defendants' subpoena past February 15, 2019—nor could she, given the efforts they have already undertaken to comply, and given that the Shih Non-Parties are Ms. Shih's husband and business partner and companies controlled by Ms. Shih herself. Moreover, this argument is particularly tenuous given that after more than two years of discovery and representing through counsel that she simply does not have many documents to produce, Plaintiff produced last week hundreds of documents relating to her current business—some of which are highly probative—only after those documents were produced in response to non-party subpoenas. In these circumstances, Defendants are entitled to "test the accuracy and completeness of [Plaintiff's] discovery responses" through non-party discovery. *LG Display Co. v. Chi Mei Optroelectronics Corp.*, No. 08 Civ. 2408-L, 2009 WL 223585, at *3 (S.D. Cal. Jan. 28, 2009).

Finally, Ms. Vogel argued that Defendants' subpoenas "were propounded for the improper purpose of harassing [Plaintiff]." Ex. E at 2. This absurd assertion is wholly refuted by the fact that Defendants seek only information relevant to their defenses from parties who plainly possess it, including Ms. Shih herself, who claims protections afforded to non-parties to avoid producing information that she has not produced as a party. *See Sys. Prod. & Sols., Inc. v. Scramlin*, No. 13 Civ. 14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014) (rejecting argument that subpoenas were harassing where "subpoenas target relevant information"); *see also Blue Citi LLC v. 5Barz Int'l Inc.*, No. 16 Civ. 9027, 2019 WL 10890126, at *2 (S.D.N.Y. Feb. 6, 2019) ("[N]or does Defendant offer any case in which compliance with a subpoena that seeks relevant information was excused on the ground of harassment."). In any event, Ms. Vogel's position is unworkable if only for the obvious reason that there can be no basis to conclude that Defendants' subpoenas are appropriate to the extent they seek information up to and including February 15, 2019 and "harassing" to the extent they seek information as of February 16, 2019 and later. Ms. Vogel has seized on an obvious misreading of the July 3, 2019 letter and sought to construct an arbitrary line that bears no relationship to any actual issues in the case.

In sum, the non-party subpoena recipients are in possession of relevant and responsive documents, and there is no basis to impose an "end date" of February 15, 2019. We are available to address any questions that the Court may have concerning Defendants' request to compel the production of these documents. We appreciate Your Honor's attention to this matter.

---

[4] The documents referenced are marked as confidential. Should the Court wish to review these documents, Defendants would be happy to provide them to the Court in accordance with Your Honor's rules and the protective order entered in this case. *See* ECF 77.

KAPLAN HECKER & FINK LLP

5

                                            Respectfully submitted,

                                            Joshua Matz

                                            Valerie Hletko
                                            Kaplan Hecker & Fink LLP

                                            *Counsel for Defendants*

       c.   All Counsel of Record (*via* ECF)
             Cassandra Vogel, Esq., Counsel for Non-Parties (*via* Email and FedEx)