# ALSTON & BIRD

950 F. Street NW
Washington, DC 20004
202-239-3300 | Fax: 202-239-3333

Kelley C. Barnaby                     Direct Dial: 202-239-3687                     Email: Kelley.barnaby@alston.com

July 28, 2021

**Via ECF**
Hon. Barbara Moses
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Shih v. Petal Card, Inc., et al.*, No. 18-cv-5495 (S.D.N.Y.) (JFK) (BCM)

Dear Judge Moses:

Defendants seek to compel the production of certain documents designated by Plaintiff as privileged or subject to work product protection on a revised privilege log, served on June 21, 2021 (the "Revised Log", excerpts attached as Ex. A), or in camera review by the Court of these items (or a sample set), and an order directing Plaintiff to again revise her log to conform with Local Rule 26.2. The parties' meet and confer on these topics was unsuccessful.

Our objections center on Plaintiff's ongoing efforts to obscure the role of her husband, Lane Kauder, in this lawsuit and shield reams of relevant evidence (1) behind the work product doctrine, where the material is simply created by her or Mr. Kauder, without the involvement of lawyers, long before the lawsuit was filed and (2) behind the attorney-client privilege, where the communication is among Plaintiff, her external counsel, and her husband (a third party whose presence on such communications destroys the privilege), and where it is between Plaintiff and Mr. Kauder before he was a licensed lawyer. Plaintiff and her husband continue to take shifting positions about his role in this lawsuit, underscoring our concern. For example, on April 4, 2019, Mr. Kauder contacted defendant Petal Card, Inc., seeking information about its business, conduct plainly forbidden if he is her counsel. On June 30, 2021, Plaintiff expressly disavowed Mr. Kauder was acting as her counsel. June 30, 2021 H'rg Tr. at 18:7-14 (ECF No. 173) ("H'rg Tr.", excerpts attached as Ex. B). But on June 24, 2019, Mr. Kauder entered into a written agreement with Mr. Dawson's law firm to provide legal services in this case. Only upon our discovering this, and seeking further discovery about it, did Plaintiff admit that she had not logged innumerable communications with Mr. Kauder, because he, in fact, *is* her "outside litigation counsel." (Ltr. of M. Kunstler to K. Barnaby, dated July 26, 2021.) At the same time, Plaintiff purports to offer Mr. Kauder as a fact witness on numerous subjects. (Plaintiff's Initial Disclosures at 4, excerpts attached as Ex. C.) Such evasions—on a matter as straightforward as who is and is not her counsel—raise serious questions about the quality and credibility of Plaintiff's assertions of privilege in this case.

**Claims of Work Product Doctrine Over Communications with Mr. Kauder.** Plaintiff withheld 461 communications between herself and Mr. Kauder, not including attachments, as work product, while only producing fewer than 200 such documents. Nine of these documents

Alston & Bird LLP                                                                                                                                                              www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

are dated prior to both their marriage in May 2017 and Mr. Kauder's admission to the New York bar on January 14, 2019. *See* Ex. A, Rows PRIV00000001 – PRIV00000009.

The work product doctrine is governed by federal law, even in diversity cases. *See 99 Wall Dev., Inc. v. Allied World Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 100454, at *6 (S.D.N.Y. June 14, 2019) (collecting cases). Discussions of potential claims or outcomes of a case between family members—much less friends—are not work product when they are not "the work product of an individual acting as the [party's] attorney." *Bice v. Robb*, 511 Fed. Appx. 108, 110 (2d Cir. 2013) (*citing U.S. v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998)); *see also Karam v. Cty. of Rensselaer,* 2015 U.S. Dist. LEXIS 16011, at *4 n. 1 (N.D.N.Y. Feb. 10, 2015) (holding that documents prepared before a party hired an attorney were not protected work product). The Second Circuit is clear that without an attorney to direct the work, work product cannot be claimed. When a spouse happens to be an attorney, but is not acting as an attorney, the work product privilege does not apply. *Cancel v. Goord*, 2007 U.S. Dist. LEXIS 79686, at *4 (S.D.N.Y. Oct. 23, 2007) ("Plaintiff Cancel was acting as a parent and as a party… and not as an attorney. As such, these documents are not protected.").

None of the 461 withheld documents are protected by the work product doctrine as none show that the work was directed by a licensed attorney, and Plaintiff should produce a revised log without that privilege claimed. Further, the subset of nine entries in Ex. A are dated years before Plaintiff filed her lawsuit, when Mr. Kauder was a law student Plaintiff was dating, not her attorney. The withheld material cannot be "the work product of an individual acting as [Plaintiff's] attorney." *Bice*, 511 Fed. Appx. at 110. These documents must be produced.

**Claims of Spousal Privilege Over Communications with Mr. Kauder.** Plaintiff claims spousal privilege over 854 documents,[1] while producing fewer than 200 communications between herself and Mr. Kauder. Plaintiff's broad assertion of spousal privilege defies its purview.

First, Plaintiff cannot sustain her burden[2] of proving communications with Mr. Kauder at his "@buckleysandler.com" email address are protected. The spousal privilege only protects communications that are "confidential," and does not apply when the communication is transmitted over an employer's email system for which the employee had no expectation of privacy. The New York Appellate Division considers "four factors: (1) does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?" *In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005); *see, e.g., Peerenboom v. Marvel Entm't, LLC*, 148 A.D.3d 531, 531-32 (App. Div. 1st Dept. 2017) ("Perlmutter's use of Marvel's email system for personal correspondence with his wife waived the confidentiality necessary for a finding of spousal privilege."); *Miller v. Zara USA, Inc.*, 151 A.D.3d 462, 462-63 (App. Div. 1st Dept. 2017)

---

[1] The Revised Log contains 1,058 documents that Plaintiff is withholding as privileged.

[2] *See Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 2020 U.S. Dist. LEXIS 26565, at *8 (S.D.N.Y. Feb. 14, 2020) ("[T]he party asserting the privilege bears the burden of establishing each element through competent evidence.") (citations omitted).

(finding that "plaintiff lacked any reasonable expectation of privacy in his personal use of the laptop computer supplied to him by defendant . . ., his employer, and thus lacked the reasonable assurance of confidentiality that is foundational to attorney-client privilege"). Plaintiff should be required to produce evidence that Buckley Sandler considers communications on its servers to be the property of the firm's employees and not of the firm (a position we doubt any large law firm would take). Absent that, Plaintiff should be compelled to produce the documents from Ex. A marked as PRIV00000013-14, PRIV00000017-44, and PRIV00000073-107.

**Assertions of Attorney-Client Privilege Over Communications with Mr. Kauder.** Plaintiff claims that 391 communications (not including attachments) solely between Plaintiff and Mr. Kauder are protected as attorney-client communications. However, Plaintiff represented to the Court that Mr. Kauder was not Plaintiff's attorney. Ex. B at 18:7-14. Plaintiff *cannot* claim attorney-client privilege over any of those 391 communications, including those identified in Ex. A at PRIV00000942-944. Plaintiff also asserts attorney-client privilege over 52 communications between herself and Mr. Kauder *before Mr. Kauder was admitted to practice*. *See* Ex. A at PRIV00000283-285. These documents cannot be protected by the attorney-client privilege. *See Charlestown Cap. Advisors*, 2020 U.S. Dist. LEXIS 26565, at *8-9 (the attorney-client privilege "requires, at a minimum, that the attorney be licensed to provide legal services to the client") (citations omitted); *Colton v. U.S.*, 306 F.2d 633, 637 (2d Cir. 1962) (the attorney-client privilege only protects communications made to "a member of the bar of a court") (citation omitted).

If Mr. Kauder is not the attorney whose presence protects the documents from disclosure, then Plaintiff has not complied with her obligations under the Local Rules and the Federal Rules of Civil Procedure. While Plaintiff occasionally describes documents as "reflecting communications with legal counsel," that counsel is not identified. See Ex. A at PRIV00000283-285. Plaintiff's failure to sufficiently identify the basis for withholding the documents necessitates a revised log and may require an in-camera review of almost every document on the Revised Log. *See SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 163 (S.D.N.Y. May 27, 2014) (holding that privilege assertions "on a blanket basis" containing "information . . . too sparse to comply with [FRCP 26] . . . raises serious concerns . . . as to the bona fides of the SEC's assertion of privilege claims in this case"); *Toney-Dick v. Doar*, 2013 U.S. Dist. LEXIS 145480, at *8 (S.D.N.Y. Oct. 3, 2013) (ordering party to "perform a careful, document-by-document re-review" after identifying multiple issues with privilege assertions).

**Assertions of Attorney-Client Privilege Over Communications with Mr. Kauder and Others.** Communications between Plaintiff and prospective attorneys, with Mr. Kauder present, are not protected by the attorney-client privilege. In New York, "communications between an attorney and client are generally not privileged … if the client's spouse is present at the time of the transaction." *Matter of Sosnow*, 841 N.Y.S.2d 826, 826 (Sur. Ct. 2007); *see also People v. Allen*, 427 N.Y.S.2d 698, 699-700 (Sup. Ct. 1980) ("[T]he law is clear that communications between husband and wife made in the known presence of a third person are not confidential and, hence, are not privileged. The attorney-client privilege is similarly waived.") (citations omitted); *In re Estate of Newton*, 309 N.Y.S.2d 284, 286 (Sup. Ct. 1970) (". . . the information was divulged to a third party, to wit, the attorney-draftsman. Therefore, the court finds that the marital privilege does not exist."). Plaintiff should be compelled to produce all documents identified on the Revised Log between herself, Mr. Kauder, and her attorneys, including those identified in Ex. A as PRIV00001153-1166, PRIV00001168, and PRIV00001170-1173.

Beyond the documents on the Revised Log, counsel for Plaintiff informed counsel for Defendant for the first time on Monday, July 26 that communications existed between Mr. Kauder, Plaintiff, and counsel of record, and that Plaintiff was withholding these documents under a claim of privilege, but had not entered them on the Revised Log. This Court has specifically noted that such communications must be logged, yet Plaintiff's counsel left them off the Revised Log, served after the June 30 hearing. Ex. B at 18:7-10.

Counsel for Plaintiff specifically represented at the June 30 hearing that Mr. Kauder was not representing Ms. Shih in this action. Ex. B at 18:11-14. Therefore, Mr. Kauder is not serving as the Plaintiff's attorney, and his presence on communications destroys any attorney-client privilege. While Plaintiff for the first time agreed to log these communications on Monday, July 26, these documents are not protected by the attorney-client privilege and should be produced.

**Inadequacy of the Revised Log Under the Local Rules.** Finally, Plaintiff's revised log remains inadequate under Local Rule 26.2 and the guidance that this Court provided at the June 30, 2021 hearing. As the Court explained, the "purpose of the local rule is to actually make the log mean something, not to make it so generic as to be meaningless." Ex. B at 22:5-7. Plaintiff's revised log is repeatedly deficient in this respect. For example, the "General/Subject" column for many entries simply reads "Communication seeking legal advice" (in at least one instance) or "Attorney communication re legal advice" (in 47 instances). *See, e.g.*, Ex. A at PRIV00000245-268. Not only do these descriptions facially fail to communicate the "general subject matter of the document," (L.R. 26.2(a)(2)(A)), they are precisely as vague as the example that this Court gave of a privilege log description that does not satisfy the Local Rule. *See* Ex. B at 19:11-14 ("And general subject matter of the document, that requirement is not satisfied by saying, 'We talked about legal stuff.' You have to be more specific than that."). Similarly (and in contrast to Defendants' log), Plaintiff provides no document titles for non-email communications, rendering Defendants unable to determine the basis for and nature of the claimed privilege for many entries. *See, e.g.*, Ex. A at PRIV00000290-294. Plaintiff should be required to revise her log once again in order to bring it into compliance with the Local Rules.

Plaintiff also did not log 29 produced documents containing redactions, and previously stated that unlogged redactions were for reasons other than privilege. Ex. D. "[T]he weight of authority in the Second Circuit is clear that redactions on grounds of non-responsiveness or irrelevance are generally impermissible." *Ohr Somayach / Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 2021 U.S. Dist. LEXIS 134033 at *3 (S.D.N.Y. July 19, 2021) (quotations omitted) (collecting cases). The Stipulated Protective Order, *see* ECF No. 77, addresses personally sensitive information found on otherwise relevant documents. Plaintiffs should be compelled to re-produce these documents without redactions.

Sincerely,

Kelley C. Barnaby
*Admitted Pro Hac Vice*

Cc: All counsel via ECF