# ALSTON & BIRD

950 F. Street NW
Washington, DC 20004
202-239-3300 | Fax: 202-239-3333

Kelley C. Barnaby             Direct Dial: 202-239-3687             Email: Kelley.barnaby@alston.com

August 15, 2021

**Via ECF**
Hon. Barbara Moses
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Shih v. Petal Card, Inc., et al.*, No. 18-cv-5495 (S.D.N.Y.) (JFK) (BCM)

Dear Judge Moses:

Defendants write pursuant to Your Honor's Rule of Individual Practice 2. b. because they intend to seek to compel third parties Lane Kauder, Radiant Lifestyle, LLC, and Tripsha, Inc. (the "Third Parties") to produce documents designated as privileged or subject to work product protection. Defendants object to Mr. Kauder's assertions of privilege before he was admitted to the bar and to Mr. Kauder's assertions of privilege after his bar admission where the entries only included purported fact witnesses or the participation of third parties break spousal or attorney-client privilege. Defendants also object to deficiencies in Mr. Kauder's log under the Local Rules and this Court's prior orders. These documents must be produced.

**The Third Parties & Their Privilege Log**. Mr. Kauder's privilege log covers documents of all three Third Parties. Lane Kauder is defendant's husband, a proposed fact witness for Plaintiff, and, allegedly, her lawyer. Radiant Lifestyle, LLC ("Radiant") is a New York limited liability corporation purportedly founded and operated by Plaintiff in 2017 and 2018. Plaintiff describes Radiant as "a curated selection of quality teas that can help introduce customers to the world of tea." *See e.g.* RADI00000004. Tripsha, Inc. ("Tripsha") is a Delaware company purportedly founded and operated by Plaintiff, between 2019 and the present. Two months ago, Plaintiff described Tripsha as "Similar to Airbnb or Etsy, we provide a site where individuals can post trips they're organizing that other people can then discover and ask to book." *Cassie Shih Fuses Tech and Group Travel With Tripsha's Creation*, Flourishive (June 15, 2021) https://www.flourishive.com/article/cassie-shih-fuses-tech-and-group-travel-with-tripshas-creation/.
The Operating Agreement of Radiant identifies Plaintiff and Mr. Kauder as each owning 50% of the enterprise. *See* RADI00000047. The Tripsha Articles of Incorporation identify the shareholders of Tripsha as Plaintiff and one José Daniel Céspedes Morales. *See* TRIP00000085.

Defendants initially served subpoenas for documents on the Third Parties on February 4, 2021. All three witnesses are represented by Cassandra Vogel, Esq., of Yankwitt LLP. On June 7, Mr. Kauder produced a privilege log referencing documents sent, received, or created by himself, Radiant and Tripsha, over which he appears to assert privilege on behalf of himself, the two companies, and his client, Plaintiff. On August 3, defense counsel met and conferred with counsel for the Third Parties. We reviewed each of the objections set forth herein, in response to which Mr. Kauder, through his counsel, repeated a stock response: First, he is a third party and should not be burdened with the expense of litigating his privilege and work product designations. Second, the parties, and not Mr. Kauder, should litigate privilege. Mr. Kauder

Alston & Bird LLP                                                                                                                               www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

agrees to be bound by the court's rulings on Defendants' objections to Plaintiff's privilege log (which are now *sub judice* (ECF No. 183)). When asked whether Mr. Kauder agrees with Plaintiff's privilege and work product assertions, he could not say because, he claims, he has no knowledge of them. When asked whether he is prepared to defend his own assertions of privilege and work product protection, he repeated that contests about privilege and work product should be resolved by the parties, and that he, a third party, should be spared the burden of participation.

**Documents Prior to Mr. Kauder's Admission to the Bar**. Mr. Kauder claims privilege on behalf of the Plaintiff over 369 documents prior to his admission to the bar. These documents are not privileged, and must be produced.

First, Mr. Kauder claims attorney-client privilege over 288 documents, primarily text messages between Plaintiff and Mr. Kauder, without any indication that a lawyer was present. *See e.g.* Ex. A at Rows 9-15. Because Mr. Kauder was not an attorney at the time of these communications, he could not have been acting as Plaintiff's attorney,[1] and his presence as a third party on these documents breaks any other attorney-client privilege. It is contradictory to the concept of privilege that Mr. Kauder asserts no independent claim of privilege over these documents, and instead relies exclusively on the assertion by Ms. Shih. *See Von Bulow v. Von Bulow*, 811 F.2d 136, 147 (2d Cir. 1987) (documents subpoenaed from third party are not shielded by the attorney-client privilege when the third party was not the party's attorney, or an agent thereof). These 288 documents must be produced.

Second, Mr. Kauder claims on his log that the work product doctrine protects the first eight documents on his log. Ex. A at Rows 1-8. Discussions of potential claims or outcomes of a case between family members—much less friends—are not work product when they are not "the work product of an individual acting as the [party's] attorney." *Bice v. Robb*, 511 Fed. Appx. 108, 110 (2d Cir. 2013) (*citing U. S. v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998));[2] *see also Karam v. Cty. of Rensselaer,* 2015 U.S. Dist. LEXIS 16011 at *4 n. 1 (N.D.N.Y. Feb. 10, 2015) (holding that documents prepared before a party hired an attorney were not protected work product). When a spouse happens to be an attorney, but is not acting as an attorney, the work product privilege does not apply. *Cancel v. Goord*, 2007 U.S. Dist. LEXIS 79686 at *4 (S.D.N.Y. Oct. 23, 2007) ("Plaintiff Cancel was acting as a parent and as a party… and not as an attorney. As such, these documents are not protected").[3] These entries are dated years before Plaintiff filed her lawsuit, and when Mr. Kauder was a law student Plaintiff was dating, and not her attorney. Mr. Kauder also produced a substantial number of emails and other messages during February 2016 discussing the possibility of litigation, undercutting any claim of work product over the remainder. These documents are not work product, and must be produced.

---

[1] To the extent Mr. Kauder was acting as his wife's attorney prior to admission, he was engaged in an unauthorized practice of law. NY CLS Educ § 6512 ("Anyone not authorized to practice under this title who practices or offers to practice… shall be guilty of a class E felony.")

[2] The work product doctrine is governed by federal law, even in diversity cases. *See 99 Wall Dev., Inc. v. Allied World Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 100454 at *6 (S.D.N.Y. June 14, 2019) (collecting cases).

[3] In her briefing, Plaintiff pointed to *Wultz v. Bank of China*, 304 F.R.D. 384, 396-97 (S.D.N.Y. 2015), but that case in inapposite. The documents in *Wultz* were created at the direction of senior compliance personnel in the course of an investigation prompted by a letter threatening litigation, *id*. at 386, whereas here the challenged documents pre-date the lawsuit by years. Further, the court in *Wultz* ordered production of the documents, because the producing party "provided virtually no evidence" in support of its ultimately fruitless privilege assertion. *Id*.

Third, Mr. Kauder claims spousal privilege on 300 documents dated prior to Mr. Kauder's bar admission documents. Mr. Kauder's broad assertion of spousal privilege defies its purview. First, only Mr. Kauder is Plaintiff's spouse, and the presence of any third party on the communication breaks the privilege. Second, Mr. Kauder cannot sustain his burden[4] of proving that communications with Plaintiff at his "@buckleysandler.com" email address are protected. The spousal privilege only protects communications that are "confidential," and does not apply when the communication is transmitted over an employer's email system for which the employee had no expectation of privacy.[5] *See, e.g., Peerenboom v. Marvel Entm't, LLC*, 148 A.D.3d 531, 531-32 (App. Div. 1st Dept. 2017) ("Perlmutter's use of Marvel's email system for personal correspondence with his wife waived the confidentiality necessary for a finding of spousal privilege."); *Miller v. Zara USA, Inc.*, 151 A.D.3d 462, 462-63 (App. Div. 1st Dept. 2017) (finding that "plaintiff lacked any reasonable expectation of privacy in his personal use of the laptop computer supplied to him by defendant . . ., his employer, and thus lacked the reasonable assurance of confidentiality that is foundational to attorney-client privilege"). Mr. Kauder has made no presentation of evidence to demonstrate the communications were confidential.

**Documents After Mr. Kauder's Admission to the Bar.** Mr. Kauder withheld 864 documents as work product after his admission to the bar, without reference to any other attorney. Plaintiff has only recently asserted that Mr. Kauder was, in fact, acting as her attorney during that time. (*See* ECF. No. 180) This is in stark contrast to Plaintiff's assertion that Mr. Kauder is a potential fact witness in this matter. Ex. B, Pl's Initial Disclosures at 4. He is either her attorney, or a witness with personal knowledge of the facts. *See Rizzuto v. De Blasio*, 2019 U.S. Dist. LEXIS 54457 at *11 (E.D.N.Y. Mr. 29, 2019) (reliance on family member "as an unparalleled and indispensable source of information" disqualified the same family member from serving as attorney). Mr. Kauder's status as a fact witness on contested issues—and indeed, contested issues central to this case—waives the attorney-client privilege over those entire subject matters. Mr. Kauder cannot use the attorney-client privilege as a shield to hide documents while seeking to bolster Plaintiff's case through his testimony. *Village Bd. Of Pleasantville v. Rattner*, 515 N.Y.S. 2d 585, 585 (App. Div. 1987) ("selective disclosure is not permitted as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications") (citations omitted); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 473 (S.D.N.Y. 1996) ("the client's offer of his own or the attorney's testimony as to a specific communication to the attorney is waiver as to all other communications to the attorney on the same matter") (citations and quotations omitted). Mr. Kauder's status as a fact witness undermines any claim that Mr. Kauder himself could be the lawyer directing the work product. The withheld material cannot be "the work product of an individual acting as [Plaintiff's] attorney." *Bice*, 511 Fed. Appx. at 110. These documents should be produced.

Mr. Kauder also claims spousal privilege over 743 documents dated after his admission to the

---

[4] *See Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 2020 U.S. Dist. LEXIS 26565 at *8 (S.D.N.Y. Feb. 14, 2020) ("the party asserting the privilege bears the burden of establishing each element through competent evidence") (citations omitted).

[5] The New York Appellate Division considers "four factors: (1) does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?" *In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005),

bar. For the reasons discussed in this letter, *see supra* at p. 3, Mr. Kauder has not made a sufficient showing of the confidential nature of these documents. The documents are not privileged, and Mr. Kauder should be compelled to produce them.

**Documents Redacted for Reasons Other than Privilege.** The Third Parties have redacted at least 18 documents for reasons other than privilege. Counsel for the Third Parties has informed us that some of these documents were redacted because they "implicated privacy concerns." This is not a basis for redaction, especially where, as here, the producing party has signed onto the Protective Order, ECF No. 77. In the Second Circuit, "[r]edactions are normally impermissible unless based on a legal privilege," and are "particularly impermissible where," as here, "a confidentiality stipulation and order is in place." *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 2020 U.S. Dist. LEXIS 236645, at *25-26 (S.D.N.Y. Dec. 16, 2020); *see also Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.") (collecting cases); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 2017 U.S. Dist. LEXIS at *20 (S.D.N.Y. Dec. 29, 2017) (compelling production of unredacted documents where producing party's privacy interests were protected by a protective order). The Third Parties should be compelled to produce unredacted copies of these documents.

**General Deficiencies with Mr. Kauder's Log.** First, as this court has repeatedly emphasized,[6] Local Rule 26.2 requires that privilege logs provide "the general subject matter of the document." Mr. Kauder's log contains no such descriptions. First, it contains a "File Name," which is often simply a number and file type. *See e.g.* Ex. A at Rows 9-15.[7] Second, it contains a "Description" column that only describes the reason privilege is being asserted, not the subject matter of the document. Even combined, these two columns contain little, if any, description of the "general subject matter of the document[s]" that the Third Parties and Plaintiff assert are privileged. The log violates the Local Rules and should be re-produced.

Second, Mr. Kauder does not identify which documents belong to each of the Third Parties, though they all appear to be Mr. Kauder's. His log is therefore facially deficient, and should be re-produced with these deficiencies fixed.

Third, the log does not include entries of communications between Mr. Kauder, Plaintiff, and Plaintiff's counsel of record. As Mr. Kauder is not Plaintiff's counsel of record, these communications must *at a minimum* be logged, and likely are not privileged and should be produced. *See* June 30, 2021 H'rg Tr. At 18:7-14 (ECF No. 173).

Fourth, Mr. Kauder includes at least 8 documents that do not appear on either Plaintiff's Revised Initial Privilege Log, served on June 21, 2021, or Plaintiff's Initial Privilege Log, served on June 7, 2021. Mr. Kauder has stated that he is relying on Plaintiff's assertions of privilege as his basis for privilege, but Plaintiff did not assert privilege over these documents. These documents should be produced.

---

[6] *See* ECF No. 160 Order and June 30, 2021 H'rg Tr. at 19:7-14 (ECF No. 173).

[7] The Row numbers in Exhibit A were added by Defendant for ease of reference for the Court. The Third-Party Log does not contain any identifiers for the withheld documents.

        Sincerely,

        */s/ Kelley C. Barnaby*

        Kelley C. Barnaby
        *Admitted Pro Hac Vice*

Cc: All counsel via ECF