# Exhibit N

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CASSANDRA SHIH,

                          Plaintiff,

              v.                                          18 Civ. 5495 (JFK) (BCM)

PETAL CARD, INC. f/k/a
CREDITBRIDGE, INC., ANDREW
ENDICOTT, and JASON GROSS,

                          Defendants.

---

## DEFENDANT ANDREW ENDICOTT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York (together, the "Rules"), Defendant Andrew Endicott, by and through his attorneys, submits these responses and objections (the "Responses") to Plaintiff Cassandra Shih's First Set of Interrogatories dated February 15, 2019 (the "Interrogatories").

### GENERAL OBJECTIONS AND RESPONSES

The following general objections and responses (the "General Objections") are incorporated into each specific objection and response (the "Specific Objections") as if fully set forth therein:

1.      Endicott objects to the Interrogatories to the extent they are duplicative or cumulative or seek information that has been or will be provided through other means of discovery.

2.      Endicott objects to the Interrogatories to the extent the impose any obligations or requirements beyond the scope of the Rules or any case law interpreting them.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

3.      Endicott objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, seek information not relevant to the claim or defense of any party, or are not proportional to the needs of the case.

4.      Endicott objects to the Interrogatories to the extent they seek information that is not within Endicott's possession, custody, or control.  Definition and Instruction No. 13 states that the Interrogatories "are intended to cover all information in your possession, custody, or control," but does not limit their scope to *only* responsive information within Endicott's possession, custody, or control.  Subject to this General Objection, in responding to the Interrogatories, Endicott will provide only responsive information within Endicott's possession, custody, or control.

5.      Endicott objects to the Interrogatories to the extent they purport to call for documents or information that: (a) are subject to the attorney-client privilege; (b) constitute attorney work product; (c) are protected from disclosure based on common interest or a similar privilege; or (d) are otherwise protected from disclosure under applicable privilege, law, or rule.  Endicott will not produce such information in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information.

6.      Endicott objects to the Interrogatories to the extent they seek information protected by federal or state law.  Endicott will not disclose any information in violation of federal or state law, except to the extent permitted by an applicable exception or court order.

7.      Endicott objects to Definition and Instruction No. 1 on the grounds that it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1).  Subject to this

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

General Objection, in responding to the Interrogatories, Endicott will use the definition of "communication" set forth in that Rule.

8.    Endicott objects to Definition and Instruction No. 2 on the grounds that it is broader than the uniform definition of "concerning" in Local Rule 26.3(c)(7).  Subject to this General Objection, in responding to the Interrogatories, Endicott will use the definition of "concerning" set forth in that Rule.

9.    Endicott objects to Definition and Instruction No. 3 on the grounds that it is broader than the uniform definition of "document" in Local Rule 26.3(c)(2).  Subject to this General Objection, in responding to the Interrogatories, Endicott will use the definition of "document" set forth in that Rule.

10.    Endicott objects to Definition and Instruction No. 10 on the grounds that it is broader than the uniform rule of construction of "and/or" in Local Rule 26.3(d)(2).  Subject to this General Objection, in responding to the Interrogatories, Endicott will use the construction of "and/or" set forth in that Rule.

11.    Endicott objects to Definition and Instruction Nos. 11 and 12 insofar as they seek to impose obligations greater than those imposed by the Rules, including Federal Rule of Civil Procedure 26(e), or any other applicable law or rule.

12.    Endicott objects to Definition and Instruction No. 14 insofar as it seeks to impose obligations greater than those imposed by Local Rule 26.2.  For all claims of privilege, Endicott will identify only that information that it is required to be identified under Local Rule 26.2.

13.    Endicott objects to Definition and Instruction Nos. 15 and 16 on the grounds that they are broader than the uniform definitions of "identify" in Local Rule 26.3(c)(3)-(4).  Subject

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

to this General Objection, in responding to the Interrogatories and Requests, Endicott will use the definitions of "identify" set forth in that Rule.

14.     Endicott expressly reserves all rights and privileges under the Rules and any other applicable law or rule.  The failure to assert such rights and privileges or the inadvertent disclosure by Endicott of information protected by such rights or privileges shall not constitute a waiver thereof, either with respect to these Responses and Objections or with respect to any future discovery objections or responses.

15.     Endicott objects to the Interrogatories to the extent they seek opinions or contentions relating to fact, or the application of law to fact, as to which discovery has yet to be completed, and where providing a response would require Endicott to anticipate or assume factual information that may be forthcoming during discovery.

16.     Endicott's Responses to the Interrogatories are not intended to be and shall not be construed as an agreement or concurrence with Plaintiff's characterization of any facts, circumstances, or legal obligations.  Endicott reserves the right to contest any such characterization as inaccurate.  Endicott objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this case.

17.     The fact that Endicott has responded to a particular Interrogatory shall not be interpreted as implying that Endicott acknowledges the propriety of that Interrogatory.

18.     Endicott's Responses to the Interrogatories are made to the best of Endicott's present knowledge, information, and belief.  These Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Endicott's knowledge and investigation, are subject to such additional knowledge of facts as may result from Endicott's further discovery or investigation.

4

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

19.     Endicott reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Interrogatories but discovered subsequent to the date of these Responses, including, but not limited to, any such information obtained in discovery herein.

20.     Endicott reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of Endicott's responses herein, as evidence in any subsequent proceeding in, or trial of, this or any other action, or for any other purpose whatsoever.

21.     Endicott's Responses to the Interrogatories are subject to the protections of the Court's Stipulated Protective Order governing the handling of confidential material (ECF No. 77) and any stipulation between the Parties governing the imaging, preservation, and production of documents.  Endicott designates these Responses as CONFIDENTIAL pursuant to the Stipulated Protective Order.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES

Counsel for Endicott is available to meet and confer with respect to any of his Responses and Objections.  Endicott reserves the right, but does not assume the obligation, to amend or supplement his Responses and Objections.

## INTERROGATORY NO. 1

**Identify each person with knowledge or information about communications concerning the development of CreditBridge, Inc. or any unincorporated business or venture called CreditBridge in 2015.**

## RESPONSE TO INTERROGATORY NO. 1

In addition to his General Objections, Endicott objects to Interrogatory No. 1 to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 2.  Endicott also objects

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## INTERROGATORY NO. 5

**Identify each and every place where you have stored or maintained electronic or hard copy documents. The time period applicable to this interrogatory is from October 1, 2014 to the present.**

## RESPONSE TO INTERROGATORY NO. 5

In addition to his General Objections, Endicott also objects to Interrogatory No. 5 to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 7, Interrogatory No. 8, and Interrogatory No. 10.  Endicott further objects to Interrogatory No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of this case, because it requests identification of each and every place where Endicott stored or maintained all documents over a five-year period, which encompasses information wholly unrelated to any party's claims or defenses.  Subject to his General and Specific Objections, and based on his present knowledge, reserving the right to supplement his response based on new information and forthcoming discovery, Endicott states that he stores or maintains professional or business documents in several locations, including:

- His work Gmail account;
- His work Slack instant messaging account;
- Petal's Google Drive cloud storage system;
- His current iPhone 7 cell phone;
- His current Lenovo PC laptop;
- His personal social media accounts, including on Facebook, LinkedIn, and Twitter;
- His personal Gmail account;
- His personal Skype account;
- Hard copy notebooks.

Between October 1, 2014 and the present, Endicott formerly stored or maintained professional or business documents in several locations, including:

35

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

- Prior cell phones, all but two of which Endicott no longer possesses because they were either lost or broken beyond repair;

- A prior laptop;

- A DropBox account, which has since been migrated to Petal's Google Drive system;

- His former work Gmail addresses, which no longer exist and cannot be accessed, but which were set to automatically forward to his current work Gmail address;

- Laptops, email accounts, and voicemail systems provided by Endicott's former employers, which were used solely for the employers' business and which Endicott can no longer access.

## INTERROGATORY NO. 6

**Identify each person with knowledge or information concerning any communications you had with Cassandra Shih in 2015 or 2016**

## RESPONSE TO INTERROGATORY NO. 6

In addition to his General Objections, Endicott objects to Interrogatory No. 6 to the extent that it is duplicative of other Interrogatories.  Endicott further objects that Interrogatory No. 6 calls for Endicott to speculate as to the scope of another's knowledge.

Subject to his General and Specific Objections, and based on his present knowledge, reserving the right to supplement his response based on new information and forthcoming discovery, Endicott identifies the following persons, in addition to the individual Defendants themselves and their families, whom Endicott believes to have knowledge or information concerning communications in 2015 or 2016 between Endicott and Plaintiff:

| Name | Last Known Address and Place of Employment |
|---|---|
| Andrew Endicott | Petal Card, Inc. c/o Kaplan Hecker & Fink LLP 350 Fifth Avenue, Suite 7110 New York, NY 10118 |
| Berk Ustun | 20 Highland Avenue #2 02139 Cambridge, MA (510) 367-5162 Formerly Petal Card, Inc. |
| Jason Gross | Petal Card, Inc. c/o Kaplan Hecker & Fink LLP 350 Fifth Avenue, Suite 7110 New York, NY 10118 |
| Linda Sherry | Consumer Action |

36

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## INTERROGATORY NO. 7

**Identify each and every device, including but not limited to cellular phones, smart phones, smart watches, tablets, computers, laptops, hard drives, or other hardware that you have used in connection with any professional or business activity. The time period applicable to this interrogatory is from October 1, 2014 to the present.**

## RESPONSE TO INTERROGATORY NO. 7

In addition to his General Objections, Endicott also objects to Interrogatory No. 7 to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 5 and Interrogatory No. 8.  Endicott further objects to Interrogatory No. 7 as overbroad, unduly burdensome, and disproportionate to the needs of this case, because it requests identification of each and every device Endicott used "in connection with" *any* professional or business activity over a five-year period, which encompasses information wholly unrelated to any party's claims or defenses.  Subject to his General and Specific Objections, and based on his present knowledge, reserving the right to supplement his response based on new information and forthcoming discovery, Endicott states that he uses several devices for professional or business activity, including:

- His current iPhone 7 cell phone;
- His current Lenovo PC laptop.

Between October 1, 2014 and the present, Endicott formerly used several devices for professional or business activity, including:

- Prior cell phones, all but two of which Endicott no longer possesses because they were either lost or broken beyond repair;
- A prior laptop;
- Laptops provided by Endicott's former employers, which were used solely for the employers' business and which Endicott can no longer access.

37

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## INTERROGATORY NO. 8

Identify each and every device, including but not limited to cellular phones, smart phones, smart watches, tablets, computers, laptops, hard drives, or other hardware that you have utilized to send, receive, or save communications from October 1, 2014 to the present.

## RESPONSE TO INTERROGATORY NO. 8

In addition to his General Objections, Endicott also objects to Interrogatory No. 8 to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 5 and Interrogatory No. 7. Endicott also objects to Interrogatory No. 8 as overbroad, unduly burdensome, and disproportionate to the needs of this case, because it requests identification of each and every device Endicott used to send, receive, or save any and all communications over a five-year period, which encompasses information wholly unrelated to any party's claims or defenses. Subject to his General and Specific Objections, and based on his present knowledge, reserving the right to supplement his response based on new information and forthcoming discovery, Endicott states that he uses several devices to send, receive, or save professional or business communications, including:

- His current iPhone 7 cell phone;
- His current Lenovo PC laptop.

Between October 1, 2014 and the present, Endicott formerly used several devices to send, receive, or save professional or business communications, including:

- Prior cell phones, all but two of which Endicott no longer possesses because they were either lost or broken beyond repair;
- A prior laptop;
- Laptops provided by Endicott's former employers, which were used solely for the employers' business and which Endicott can no longer access.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**INTERROGATORY NO. 9**

Identify each person with knowledge or information concerning any actions undertaken by you to secure financing for any business venture in the year 2015.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to his General Objections, Endicott objects to Interrogatory No. 9 to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 1, Interrogatory No. 2, Interrogatory No. 3, and Interrogatory No. 4. Endicott further objects to Interrogatory No. 9 to the extent it assumes any facts about the history of Petal's incorporation, or assumes the existence of any "business venture" in the year 2015. By responding to these Interrogatories, Endicott neither accepts nor represents that any such assumption is true. Endicott further objects to the use of the undefined term "actions undertaken . . . to secure financing" as vague and ambiguous. Endicott will construe "actions undertaken . . . to secure financing" as "actions knowingly undertaken with the specific and express purpose of persuading third parties to commit to financing." Endicott also objects to Interrogatory No. 9 as overbroad, unduly burdensome, and disproportionate to the needs of the case, because information regarding Endicott's efforts to finance "any business venture" in 2015 could encompass information that is not even tangentially relevant to any party's claim or defense. Endicott will construe "any business venture" to mean "the company now known as Petal or any other business." Endicott also objects to Interrogatory No. 9 as overbroad, unduly burdensome, and disproportionate to the needs of this case, because it requests identification of all persons from a potentially extensive set of individuals and entities, without specifying appropriate limitations. Endicott further objects that Interrogatory No. 9 calls for Endicott to speculate as to the scope of another's knowledge.

39

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Subject to his General and Specific Objections, and based on his present knowledge, reserving the right to supplement his response based on new information and forthcoming discovery, Endicott identifies the following persons, in addition to the individual Defendants themselves and their families, whom Endicott believes to have knowledge or information about actions knowingly undertaken in the year 2015 with the specific and express purpose of persuading third parties to commit to financing the company now known as Petal or any other business:

| Name | Last Known Address and Place of Employment |
|---|---|
| Andrew Endicott | Petal Card, Inc. c/o Kaplan Hecker & Fink LLP 350 Fifth Avenue, Suite 7110 New York, NY 10118 |
| Jason Gross | Petal Card, Inc. c/o Kaplan Hecker & Fink LLP 350 Fifth Avenue, Suite 7110 New York, NY 10118 |

## INTERROGATORY NO. 10

**Identify all software, including messaging platforms, applications, or cloud storage accounts that you have utilized to send, receive, or save communications from October 1, 2014 to the present.**

## RESPONSE TO INTERROGATORY NO. 10

In addition to his General Objections, Endicott also objects to Interrogatory No. 10 to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 5. Endicott also objects to Interrogatory No. 10 as overbroad, unduly burdensome, and disproportionate to the needs of this case, because it requests identification of all software Endicott used to send, receive, or save any and all communications over a five-year period, which encompasses information wholly unrelated to any party's claims or defenses. Subject to his General and Specific Objections, and based on his present knowledge, reserving the right to supplement his response based on new information and forthcoming discovery, Endicott states that he uses

40

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

several software programs to send, receive, or save professional or business communications,

including:

- His work Gmail account;

- His work Slack instant messaging account;

- Petal's Google Drive cloud storage system;

- His personal social media accounts, including on Facebook, LinkedIn, and Twitter;

- His personal Skype account;

- His personal Gmail account.

       Between October 1, 2014 and the present, Endicott formerly used several software

programs to send, receive, or save professional or business communications, including:

- A DropBox account, which has since been migrated to Petal's Google Drive system;

- His former work Gmail addresses, which no longer exist and cannot be accessed, but which were set to automatically forward to his current work Gmail address;

- Email accounts and voicemail systems provided by Endicott's former employers, which were used solely for the employers' business and which Endicott can no longer access.

41

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Dated: March 22, 2019

 /s/ Roberta A. Kaplan
Roberta A. Kaplan
John C. Quinn
Joshua Matz
Martha E. Fitzgerald
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
(212) 763-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
jmatz@kaplanhecker.com
mfitzgerald@kaplanhecker.com

*Attorneys for Defendants*

42

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER