```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

CASSANDRA SHIH,

        Plaintiff,

    -against-

PETAL CARD, INC., f/k/a CREDITBRIDGE, INC., et al.,

        Defendants.

18-CV-5495 (JFK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at the November 9, 2021 status conference, it is hereby ORDERED as follows:

1. <u>Dkt. No. 211</u>. The letter-motion at Dkt. No. 211, which has been substantially narrowed by the parties and now concerns only the individual defendants' claimed failure to thoroughly search their Facebook Messenger accounts for responsive communications with one another, and with various other persons, is DENIED. As discussed during the November 9 conference, plaintiffs have not demonstrated that defendants' electronic search was inadequate nor persuaded the Court that responsive communications exist but for some reason eluded that search. *See A.V.E.L.A., Inc. v. Est. of Monroe*, 2014 WL 1408488, at *3 (S.D.N.Y. Apr. 11, 2014) ("It is up to the party seeking to compel production to 'cast doubt' on the responding party's representation that they have conducted a reasonable and adequate search for responsive documents."). Defendants are reminded, however, that under the Federal Rules of Civil Procedure it is every party's responsibility to conduct a reasonable and adequate search for responsive documents. Running agreed-upon search terms may in many instances satisfy that responsibility, but the inquiry is fact-specific and (unless the parties have expressly stipulated otherwise) there may also be instances where additional efforts are required. If, after the individual defendants' depositions, it becomes apparent that defendants failed to conduct an adequate pre-deposition search of their Facebook Messenger accounts, the Court will consider whether sanctions should be imposed.

2. <u>Dkt. No. 219</u>. The letter-motion at Dkt. No. 219 is GRANTED IN PART AND DENIED IN PART. Ernst & Young LLP (E&Y) and Deloitte & Touche LLP (D&T) shall produce documents responsive to Request Nos. 1 ("Documents and communications concerning the Litigation," 2 ("Documents and communications concerning Cassandra Shih") and 8 ("Documents and communications concerning any Valuation performed for Petal or CreditBridge. . ." The subpoenas to E&Y and D&T are otherwise QUASHED.

2

The Clerk of Court is respectfully directed to close Dkt. Nos. 211 and 219.

Dated: New York, New York
November 10, 2021

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**