# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                                Docket #1:18-cv-05495-
SHIH, CASSANDRA,                        :       JFK-BCM

              Plaintiff,                :

  - against -                           :

PETAL CARD, INC. et al,                 :       New York, New York
                                                November 9, 2021
              Defendants.               :
                                                STATUS CONFERENCE
------------------------------------- :

                      PROCEEDINGS BEFORE
              THE HONORABLE JUDGE BARBARA C. MOSES,
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          DelBello Donnellan Weingarten Wise &
                        Wiederkehr LLP
                        By:  Peter Stuart Dawson, Esq.
                        1 North Lexington Ave., 11th Floor
                        White Plains, NY 10601


                        Boies Schiller Flexner LLP
                        By:  Marilyn C. Kunstler, Esq.
                             Demetri B. Blaisdell, Esq.
                             Steven I. Froot, Esq.
                        55 Hudson Yards
                        New York, NY 10001




Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com
```

```
APPEARANCES - CONTINUED:

For Defendants,
Petal Card, Andrew
Endicott, and Jason
Gross:                    Alston & Bird LLP (DC)
                          By:  Kelley Connolly Barnaby, Esq.
                          950 F Street, NW
                          Washington, DC 20004

                          Alston & Bird LLP
                          By:  Joanna Calne Hendon, Esq.
                               Scott M. O'Brien, Esq.
                               Gregg Fish, Esq.
                          90 Park Avenue
                          New York, NY 10016



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

```
 1                       PROCEEDINGS                      51
 2   August 31st, the substantial completion date for
 3   defendants.  And so we're still arguing about it now after
 4   twice they refused --
 5            THE COURT:  Mr. Froot, what are you arguing to me
 6   exactly?  I'm ready to hear about the CAP table.
 7            MR. FROOT:  Right.  That these are examples of
 8   documents that have previously been produced for other time
 9   periods that have all of this information in them that is
10   now being redacted.  And we were only making that
11   comparison because whatever strictures apply to defendants
12   applied when they produced previous documents of the same
13   kind, just with different dates on them.
14            THE COURT:  So your point is they shouldn't be
15   doing more redacting under present counsel than they were
16   doing under prior counsel?
17            MR. FROOT:  Yes.
18            THE COURT:  Thank you.
19            Mr. Blaisdell.
20            MR. BLAISDELL:  Thank you, your Honor.  So, yes,
21   the CAP tables that we provided as examples and submitted
22   to the Court are examples of an issue that unfortunately
23   has presented itself in the last several productions by
24   defendants, and it is that they have essentially helped
25   themselves to redactions that are based on their unilateral
```

```
 1                        PROCEEDINGS                         52
 2   views of responsiveness --
 3             THE COURT:  Right, well, this is one of these
 4   perennial issues.  In every case that lasts for more than
 5   ten minutes, at one point the plaintiffs complain that the
 6   defendants are redacting for reasons other than privilege;
 7   and then at another point, the defendants complain that the
 8   plaintiff is redacting for reasons other than privilege.
 9   And both point out that that's not permitted.  It's true.
10   It's generally not permitted --
11             MR. BLAISDELL:  Yes, your Honor.
12             THE COURT:  --  unless there's an agreement or a
13   court order that says you can.
14             MR. BLAISDELL:  Yes, your Honor.  And we're
15   actually at the point where we can cite defendants for that
16   point, which I suppose is that we reach in probably most
17   cases before your Honor.
18             THE COURT:  All right, so I'm looking at your
19   Exhibit 6.  And I understand that these documents were
20   filed under seal, so we won't delve into the substantive
21   content.  But I am looking at your exhibit number 6, which
22   doesn't seem to have -- it's an excerpt from the CAP
23   table -- it doesn't seem to have any redactions.  I am
24   looking at your Exhibit 7, which seems to be all redaction
25   except for one line -- well, actually, one line on each
```

```
 1                       PROCEEDINGS                    53
 2   page.  And I am looking at your Exhibit 8.  What's wrong
 3   with Exhibit 8?
 4            MR. BLAISDELL:  So Exhibit 8 is actually the
 5   example of how Exhibits 6 and 7 should look.
 6            THE COURT:  Should look.
 7            MR. BLAISDELL:  It shows you the amount of
 8   information that -- and bear in mind that this is as of
 9   2017, the CAP table --
10            THE COURT:  So you want to see all the lines and
11   not just the Endicott and Gross lines?
12            MR. BLAISDELL:  That's correct.  And I just want
13   to add one further point of clarification, your Honor,
14   which is that in Exhibit 6, which your Honor said is not
15   redacted, it is true that there are no sort of blacked-out
16   redactions on the page --
17            THE COURT:  Oh, you think it's been redacted in
18   white, not in black?
19            MR. BLAISDELL:  That's what it appears, given the
20   fact that we know there were not only two investors in the
21   company as of 2021, and the only two investors that are
22   listed in this are Mr. Endicott and Mr. Gross, who are the
23   same two that are unredacted in the CAP table that was
24   produced at Exhibit 7.
25            And so what it appears happened here -- and,
```

```
 1                        PROCEEDINGS                      54
 2   again, perhaps defendants can explain this to your Honor --
 3   but what appears to have happened here is that the
 4   remaining entries have been redacted in white, which I
 5   think as your Honor's question sort of suggests, is a more
 6   problematic practice because --
 7            THE COURT:  Because you can't tell.
 8            MR. BLAISDELL:  -- we're not even aware -- sorry,
 9   your Honor -- not even aware of what has been removed from
10   the document.
11            THE COURT:  And the difference between these CAP
12   tables, besides the degree of redaction, is simply the date
13   on them; is that right?  Exhibit 6 is dated March 19 of
14   this year; Exhibit 7 is dated March 26th of last year.  And
15   Exhibit 8 -- what is Exhibit 8 dated? -- October of 2017.
16            MR. BLAISDELL:  Your Honor, I think there are
17   further differences between these documents.  I think there
18   is somewhat more detail in Exhibits 7 and 8, which may --
19   or, sorry, 6 and 7 -- which my reflect the fact that
20   they're from a later period in time.  But all of this is
21   about investors' holdings in Petal, just so we're clear,
22   the amount of shares, the different categories of shares --
23            THE COURT:  Right.  And besides the fact that you
24   asked for it and you got it at one point, why do you need
25   the names and the details of investors other than the
```

```
 1                       PROCEEDINGS                        55
 2  defendants?
 3            MR. BLAISDELL:  Well, your Honor, we're in a
 4  situation where we're trying to piece together a mosaic of
 5  information, which includes the amount of money that was
 6  paid by these investors for the particular shares.  And as
 7  your Honor I'm sure well knows, different sets of shares
 8  have attached to them different sets of rights.  There may
 9  be a liquidation preference; there may be a number of
10  issues that we need to work through in connection with our
11  experts in order to determine, you know, sort of the proper
12  value of the entire enterprise.  And that's going to
13  include understanding who the investors are, where they
14  fall in the CAP table and, you know, what portion of the
15  company that they own and the rights and benefits that are
16  associated with those stakes.
17            THE COURT:  Okay.  Whose issue is this for the
18  defendants?
19            Ms. Barnaby, just let me ask you quickly, because
20  as you may have seen out of the corner of your eye, for the
21  first time in about a year and a half, I actually have two
22  sets of lawyers for two different cases coming into the
23  courtroom, and I don't want to get behind schedule, how
24  come you -- and by "you" here I mean your clients --
25  produced at Exhibit 8, for example, what appears to be an
```

```
 1                      PROCEEDINGS                     56
 2   unredacted detailed CAP table fully diluted showing the
 3   names and data of all of the investors and then started
 4   redacting?
 5            MS. BARNABY:  So we were not part of that original
 6   decision.  It is possible, from our review on the
 7   documents, that it was in fact a mistake that that was ever
 8   produced.  But I also note that it is from a --
 9            THE COURT:  A mistake why?
10            MS. BARNABY:  That it's possible -- why is it
11   possibly a mistake?
12            THE COURT:  Yes.
13            MS. BARNABY:  Because --
14            THE COURT:  It was a mistake not to redact for
15   matters --
16            MS. BARNABY:  Not to have redacted it.
17            THE COURT:  -- other than privilege?
18            MS. BARNABY:  It was a mistake to have produced an
19   unredacted -- that the position of the client was to redact
20   everything and that, nonetheless, an unredacted document
21   got out -- was produced.
22            THE COURT:  What in the Federal Rules of Civil
23   Procedure or the orders of this Court permitted you, either
24   then or now, to redact the names of investors other than
25   the individual defendants?
```

```
 1                        PROCEEDINGS                         57
 2             MS. BARNABY:  Your Honor, there are highly
 3   sensitive issues here that we think this is well beyond the
 4   proportional information in this case.  They have --
 5             THE COURT:  But it's too late --
 6             MS. BARNABY:  -- the stock purchase agreements --
 7             THE COURT:  -- it's too late for that argument.
 8             MS. BARNABY:  I cannot point to a specific rule
 9   that -- as we all know, as your Honor has already said,
10   there is not a specific rule that permits redactions.  The
11   plaintiff has done redactions.  We similarly did
12   redactions --
13             THE COURT:  We're not here arguing about the
14   plaintiff's redactions; we're arguing about specific
15   financial documents which the plaintiffs sought and which
16   you either agreed or I ordered you to produce -- I honestly
17   don't remember whether a motion was required for the CAP
18   table or not -- I don't think so --
19             MS. BARNABY:  No.
20             THE COURT:  --  which you produced unredacted.
21   Had you produced it redacted a year ago -- "you" meaning,
22   again, the client -- I'm sure there would have been motion
23   practice at the time.  Plaintiff, obviously, did not
24   believe that future iterations would be redacted, since the
25   original production was not redacted.  And now, all of a
```

```
 1                       PROCEEDINGS                    58
 2   sudden, redactions.
 3            MS. BARNABY:  I want to clarify a point, your
 4   Honor.  Prior counsel and the client redacted in the first
 5   production of CAP tables.  There were multiple tables
 6   produced; some of them were redacted.  It turns out that
 7   there was one that was not.
 8            THE COURT:  One that was not.  And that's
 9   Exhibit 8?
10            MS. BARNABY:  Yes.  So it is not correct to say
11   that Alston & Bird came in and started applying new
12   redactions on the CAP tables.  Redactions had been applied
13   before, so that's why --
14            THE COURT:  You're telling me that Exhibit 8 is
15   just a rogue?
16            MS. BARNABY:  Correct.
17            THE COURT:  And that all of the other CAP table
18   iterations produced before it and after it were redacted to
19   show only the individual defendants?
20            MS. BARNABY:  That was the methodology applied,
21   correct.
22            THE COURT:  Mr. Blaisdell, is that true?
23            MR. BLAISDELL:  Your Honor, I don't believe it is.
24   But, as your Honor already recognized, one of these
25   documents was redacted with white text, which may have
```

```
 1                         PROCEEDINGS                      59
 2   not --
 3             THE COURT:  I didn't recognize that.  You told me
 4   that.  I can't tell if it's true or not.
 5             MR. BLAISDELL:  Sorry, your Honor.  As we
 6   discussed, there's the possibility out here that one of the
 7   documents that is before your Honor was redacted with white
 8   text, which obviously makes it much more difficult to
 9   determine, you know, what has been removed from the
10   document.
11             But I do think -- I want to avoid a situation
12   where we're just having a discussion about these CAP
13   tables.  Defendants have helped themselves to redactions on
14   40 or 50 --
15             THE COURT:  Yes, but Mr. Blaisdell, it's really
16   late in the day.  Document production was supposed to be
17   substantially completed months ago.  If you were having
18   these problems with redactions, whether in some of the CAP
19   tables or all of the CAP tables or in documents other than
20   CAP tables and you brought them to my attention for the
21   first time now, you're going to be out of luck.
22             MR. BLAISDELL:  Well, your Honor --
23             THE COURT:  If it's a new problem because nothing
24   was redacted up until the most recent production and now
25   all of a sudden you're shocked to find that everything's
```

```
 1                        PROCEEDINGS                        60
 2   been either whited out or blacked out, other than the two
 3   named defendants, you're not too late and you have my
 4   attention.  But if this has been going on for months and
 5   months and months and months, with a couple of rogues
 6   slipping through like Exhibit 8, and you're complaining to
 7   me about it now, I'm going to rule you out of time.
 8           MR. BLAISDELL:  Your Honor, the --
 9           THE COURT:  And I don't know which it is.
10           MR. BLAISDELL:  So, your Honor, the document
11   produced with Bates number 136290 was contained in
12   defendant's October 20th production.
13           THE COURT:  Give it to me by exhibit number,
14   please, not by its production number, if you can.
15           MR. BLAISDELL:  Yes.  That is the document that
16   was attached as Exhibit 7 that contains the large volume of
17   black redactions.  It was produced --
18           THE COURT:  And that was produced recently.
19           MR. BLAISDELL:  -- on October 20th.
20           THE COURT:  Right.
21           MR. BLAISDELL:  And that is the document that I
22   believe brought this to our attention, with the, you know,
23   heavy redactions, as your Honor can see.  And --
24           THE COURT:  But I just heard from your opponent
25   that it's not an outlier, that defendants were in that
```

```
 1                        PROCEEDINGS                      61
 2   habit of redacting all along, and that the outlier is
 3   Exhibit 8, which is unredacted.
 4              All right, it's five of 12.
 5              MS. HENDON:  Eleven.
 6              THE COURT:  Ladies and gentlemen, five of --
 7              MS. HENDON:  Yes, sorry, 12 -- sorry.
 8              THE COURT:  -- five of 11.  I have another case
 9   coming in at 11.  I did set my clock back, I promise.
10              So with respect to this issue of redactions, you
11   are going to go back to your offices or go up to the
12   cafeteria, which is now open.  You can sit down and have a
13   cup of coffee, and you are going to meet and confer about
14   this precise issue.  And you can guess what's coming.  If
15   you can't agree, I'll take it in the form of a joint
16   letter, same rules, by next Friday.  But that joint letter
17   has to tell me -- excuse me -- a week from today.  All of
18   these are due a week from today, not next Friday.  But that
19   joint letter has to tell me, with examples, please, whether
20   this is a speck of white in a sea of black or a speck of
21   black in a sea of white, by which I mean what was the
22   practice back in June, July, August; did this over-
23   redaction issue about which plaintiff is now complaining
24   suddenly crop up in October, in which case you have my
25   attention, Mr. Blaisdell; or has it been going on for
```