**ALSTON & BIRD**

950 F. Street NW
Washington, DC 20004
202-239-3300 | Fax: 202-239-3333

Kelley C. Barnaby                  Direct Dial: 202-239-3687                  Email: Kelley.Barnaby@alston.com

January 3, 2022

**Via ECF**

Hon. Barbara Moses
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Shih v. Petal Card, Inc., et al.*, No. 18-cv-5495 (S.D.N.Y.) (JFK) (BCM)

Dear Judge Moses:

Pursuant to the Court's Individual Practices and Local Civil Rule 37.2, we write on behalf of Defendants Jason Gross and Andrew Endicott to request an emergency telephonic conference with the Court on January 4 to address Defendants' request for a protective order concerning Plaintiff's eleventh hour efforts to again disrupt the deposition schedule—this time, by rescheduling the depositions of Defendants Gross and Endicott, which have long been scheduled for this Wednesday and Friday.  The parties have extensively met and conferred by email.  Defendants requested a telephone call with Plaintiff this evening.  Plaintiff demurred, proposing a call tomorrow, by which time it will be too late to present this matter to the Court.

Plaintiff noticed these depositions over a month ago, on December 1, 2021, for January 5 and 7, respectively.  Defendants immediately agreed to those dates and cleared their calendars for that purpose.  On December 30, Plaintiff's counsel contacted us to request the names of those individuals who would be appearing at their offices for the depositions scheduled for this week (*i.e.*, of Defendants Gross and Endicott).  When Defendants responded that the depositions should proceed as scheduled, but remotely, due to the Omicron outbreak impacting the City, Plaintiff responded that she was "not prepared" to go forward with the depositions remotely and purported to re-notice those depositions for January 7 and 12.[1]

Neither Defendant is available on those dates, or at any time before the January 17 close of fact depositions, as they have schedules full of obligations, including with third parties.  Plaintiff has proposed that the parties "jointly" seek to extend the deposition schedule – to which we categorically object – and takes the position that she will not appear on January 5 and 7 for the depositions of Messrs. Gross and Endicott.  In light of the need for an expedited resolution, Defendants respectfully request that the Court re-affirm the existing discovery schedule and direct Plaintiff to proceed with the remote depositions of Defendants Gross and Endicott as originally scheduled on January 5 and 7, respectively, or, in the alternative, that the Court hold an emergency telephonic conference with the Parties on January 4, 2022. Defendants further respectfully seek an award of reasonable costs incurred in connection with resolving this dispute.  As set forth in more

---

[1] Plaintiff has also noticed depositions for January 13 and 17, and is herself being deposed on January 11, having rejected January 4 for that purpose.

Alston & Bird LLP                                                                                      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

detail below, Plaintiff is engaged in gamesmanship and harassment, seeking to impose further unjustified burden, cost and inconvenience on Defendants. Her efforts to disrupt the deposition schedule – and again enlarge it – are abusive and frivolous.

**Factual Background.**

On December 1, 2021, Plaintiff noticed the depositions of Defendants Gross and Endicott for January 5 and 7, 2022, respectively. Defendants agreed to those dates immediately. In reliance, they protected their calendars to be available for those depositions and prepared for testimony over the holidays. On the evening of December 30, Plaintiff's counsel requested we supply the names of attendees for the depositions that were to occur in-person at the offices of Plaintiff's counsel in Manhattan the following week, *i.e.*, the depositions of Messrs. Gross and Endicott. We responded within the hour, requesting that Plaintiff agree to remotely depose each of the Defendants in light of the concerning developments with the spread of the Omicron variant in New York. This is consistent with Plaintiff's practice to date: Plaintiff has taken only remote depositions in this case, all at her option.

On December 31 (a national holiday and a Friday), counsel requested that we consent to yet another extension of the fact deposition deadline (currently January 17) so that Plaintiff could make unspecified "arrangements and adjustments." Plaintiff then purported to re-notice the Gross and Endicott depositions, to occur remotely, but on January 7th and 12th, rather than the 5th and 7th. The new deposition notices are what prompt this application. Defendants objected to this: Messrs. Gross and Endicott cleared their schedules and prepared for testimony this week, on the 5th and 7th. They are entitled to proceed on that schedule. Defendants heard nothing further on this matter until this afternoon, January 3rd, at which time Plaintiff announced (less than 48 hours before Mr. Gross' scheduled deposition) that she "would not proceed with Mr. Gross' deposition on January 5" and would "plan to conduct his examination on January 7", with "Mr. Endicott's deposition on January 12." Neither is available on the newly noticed dates, which conflict with multiple meetings, including some scheduled months ago.

Defendants asked Plaintiff to state why—after soliciting the names of lawyers and others who would be attending the depositions on January 5 and 7 for in-person testimony—Plaintiff is no longer available on those dates for remote testimony. Several hours later, at 7:15 pm, Plaintiff responded, citing the need to engage support staff and IT staff "at a time when staffing and support services have been compromised due to the COVID-19 situation", and, again, the fact that the Boies Schiller Flexner offices "are closed" today. This is no excuse for disrupting the deposition schedule that they set over a month ago. Plaintiff should have addressed these routine administrative matters in the prior weeks, and certainly on December 30. Plaintiff has already conducted multiple remote depositions in this case and is well aware that no special IT considerations are necessary: all that is required is for counsel to circulate a Zoom link and link to a document sharing platform, as they have in all prior remote depositions. Nonetheless, should the need arise, our offices are open and our IT staff is available to host Plaintiff's counsel here. We have also arranged for court reporters and videographers who can support the depositions if necessary.

**Argument.**

Pursuant to Fed. R. Civ. P. 26, this "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes "specifying terms, including time and place . . . for the disclosure or discovery." *Id*. The Rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *United States CFTC v. Parnon Energy, Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014).

As the Court is aware, Plaintiff first raised a request for an extension on October 6, 2021, at which time the Court directed the parties to "get started" on party depositions and return for a conference on November 9, 2021, at which time the Court would weigh the need for any extension. (Oct. 6 Hrg. Tr. at 63:2-8.) Between October 6 and November 9, 2021, Plaintiff noticed only third-party depositions. At the conference on November 9, she again claimed the need for an extension, until February 10, 2022. (Nov. 9 Hrg. Tr. 35:18-19.) Defendants objected. Informing counsel that a three-month extension to take six individual depositions and a 30(b)(6) deposition was "not going to happen," the Court agreed to extend the deadline for completion of fact depositions to January 10, 2021. (Nov. 9 Hrg. Tr. 37:6-10; 43:14-17.) Plaintiff let another three weeks pass, until December 1, before noticing the depositions of Defendants Endicott and Gross.

On December 21, Plaintiff sought a three-week extension to the January 10 fact deposition deadline, citing her claimed unavailability during the week of December 27, and the fact that the depositions of Messrs. Gross and Endicott were already scheduled for January 5 and 7, with Ms. Shih's testimony noticed for January 4. Defendants again objected. The Court expressed its "confiden[ce] that the parties' well-resourced lawyers could take and defend the remaining five depositions within the first six business days of the new year," but extended the deadline until January 17. (ECF No. 255.) Plaintiff then noticed Petal's 30(b)(6) deposition for January 13, noticed a third-party deposition for January 17, and proposed January 11 for Ms. Shih's deposition, all of which Defendants accepted. That left only two depositions for this week (Messrs. Gross and Endicott).

Having achieved the initial adjournment based on counsel's claimed unavailability during the week of December 27 (a week during which the same lawyers issued discovery letters, sent e-mails, and participated in a meet-and-confer with Defendants), Plaintiff now proposes a schedule that is unduly burdensome for Defendants and, if permitted, will result in the parties having conducted <u>no</u> depositions at all during the week of December 27, and only <u>one</u> during the week of January 3, leaving three depositions for the week of January 10, the very same circumstance that Plaintiff claimed last week was unworkable. Those changes, if permitted, will prejudice Defendants' preparation and place new, last minute, burdens on the multiple witnesses already scheduled for the week of January 10 and on January 17. Now Plaintiff seeks a further extension of the fact deposition deadline justified by an impracticable schedule she intends to create. Plaintiff is thereby attempting to achieve by last minute machinations what the Court has already denied her in her most recent request to enlarge the deposition schedule. With these antics, Plaintiff abuses the power of these proceedings to impose undue cost, inconvenience, and hardship on Defendants. This is the type of gamesmanship that courts do not countenance. *See, e.g.*, *Kuang v. Genzyme Genetics Corp.*, No. 11 Civ. 06346, 2012 U.S. Dist. LEXIS (S.D.N.Y. Nov. 28, 2012) (sanctions appropriate where "Plaintiff's counsel's refusal to conduct a scheduled deposition . . .,

and unilateral attempt to reschedule it 24 hours later suggests conduct intentionally intended to inflict undue costs and burden on his adversary, as well as potentially to provide [plaintiff's counsel] with additional time to prepare for depositions that he should have been ready to conduct at the scheduled dates and times.").

Messrs. Endicott and Gross have managed complicated, busy schedules to clear their calendars for the dates Plaintiffs chose over a month ago, including by deferring obligations to the second, third and fourth weeks of this month. Each set aside time over their own holidays, sacrificing time with family and work, to prepare for testimony this week. Counsel too, and the witnesses we are already defending next week and on January 17, set aside time for preparation in reliance on the existing schedule. Plaintiff offers no good reason why she cannot take the Gross and Endicott depositions remotely on the originally scheduled dates. She concedes she has staff arranged and available to host in person depositions; as Plaintiff knows from her established practice in this case, even less is required to host remote ones. In fact, all three depositions that Plaintiff has taken in this matter to date have been conducted remotely, at *Plaintiff's* option. And to the extent Plaintiff argues (and she has not yet) that she cannot secure a court reporter for the depositions on the originally scheduled dates, Defendants have done so.

Accordingly, Defendants respectfully request the Court affirm the existing discovery schedule and direct Plaintiff to proceed remotely with the depositions of Defendant Gross on January 5, 2022, and with the deposition of Defendant Endicott on January 7, 2022, the dates that Plaintiff originally noticed, or, in the alternative, that the Court hold an emergency telephonic conference with the Parties on January 4, 2022.

.

        Respectfully submitted,

        /s/ *Kelley C. Barnaby*

        Kelley C. Barnaby

        *Admitted Pro Hac Vice*

Cc: All counsel via ECF