

January 4, 2022

**BY ECF**
The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

      Re: *Shih v. Petal Card, Inc., et al.*, 18-CV-5495 (JFK) (BCM)

Dear Judge Moses:

      We represent Plaintiff Cassandra Shih in the above-referenced action. We write in opposition to the January 3, 2022 Letter Motion for a protective order (Dkt. 258), filed at 10:45 pm and seeking an emergency telephone conference with the Court the next day without having met and conferred with Plaintiff's counsel about the subject of the motion. Defendants' motion is procedurally improper, and should be denied for failure to follow this Court's rules requiring that parties meet and confer before filing discovery motions. Defendants' motion should also be denied because the purported need for emergency relief is of Defendants' own making.

      The events of the last several days are not complicated. On Thursday afternoon, December 30, 2021, Plaintiff corresponded with Defendants, requesting the names of the attorneys and others who would be attending the deposition at Boies Schiller Flexner LLP offices on January 5, 2022 for the deposition of defendant Gross. In light of concerns over the Omicron variant of COVID-19, Plaintiff proposed a protocol for vaccination of those attending the deposition and the wearing of masks during the examination. That evening, Defendants sent a letter requesting – for the first time – that the depositions of Gross and Endicott, which had been scheduled in person for almost a month at that point, proceed remotely. Defendants also stated that if Plaintiff objected to holding the depositions remotely, they "intend to raise this with the Court on Monday, January 3, 2022, if need be."

      Defendants' request took Plaintiff by surprise. The depositions that had previously been taken remotely not only were scheduled as remote well in advance, but also were of nonparty witnesses located outside of New York, in Chicago and Los Angeles; another such nonparty deposition, of a witness located in California, is scheduled for February 17. Defendants noticed and took Plaintiff's deposition and that of her husband in person, obviously their own preferred format, even as an earlier variant of COVID-19 significantly disrupted in-person events. And, significantly, as recently as December 20, ten days before Defendants requested that the depositions of the party defendants go forward remotely, Defendants *themselves* noticed Ms. Shih for a follow-up deposition, to be held *in person today, January 4, 2022*.

      Plaintiff did not have the capacity, on the eve of a holiday weekend, to make the substantial arrangements necessary to prepare to take a remote deposition of a defendant, unquestionably one



of the most important depositions in the case, on January 5, 2022. The IT staff in NYC, as well as all support staff, were unavailable during the holiday weekend, including Monday, January 3, which is a firm holiday. The lack of such support would make it difficult at the last minute to rename and standardize the deposition exhibits for loading on a virtual platform, including native Excel files that pose special challenges, in time for a remote deposition. The lack of IT support also complicated preparing a multi-monitor work station with web camera to facilitate taking the remote deposition. In addition, staffing the depositions themselves would become difficult, with the attorney preparing to take the Gross deposition not having previously taken a remote deposition, attorneys who would assist with the online exhibit platform facing pre-existing required court appearances in other cases, and another attorney involved in the case suffering from symptomatic COVID and unavailable. (Further complicating matters, Boies Schiller management announced yesterday night at 8:45 pm that employees are no longer required to come to the office from now through January 17, 2022, which means that IT staff, paralegals, office services and reception personnel will not be required to be on site. Boies Schiller's co-counsel in this matter, DelBello Donnellan, had announced a similar policy on December 31.)

Recognizing these obstacles, Plaintiff wrote to Defendants the next morning, New Year's Eve, before 10 am, expressing surprise and concern at the last minute change of position by Defendants, but given concerns over the Omicron variant, indicating that Plaintiff was willing to accommodate Defendants' request and not insist that the depositions proceed in person, as had long been planned. Plaintiff's counsel clearly stated, however, that Plaintiff was not prepared to go forward with the depositions of defendants Gross and Endicott remotely on January 5 and 7. Plaintiffs also proposed a pause in the schedule to allow for the necessary arrangements and adjustments, and asked that Defendants agree to jointly request of the Court that the schedule for depositions be extended for the balance of the week of January 17 – four days – to allow for these changes. In light of the holiday weekend, Plaintiff asked that Defendants' counsel participate in a call at 11 am that morning to discuss Defendants' request that the depositions proceed remotely and Plaintiff's request for a brief pause in the schedule.

Defendants did not respond that morning. When Plaintiff heard nothing from Defendants, Plaintiff's counsel followed up at 11 am requesting an opportunity to speak with Defendants' counsel before late afternoon given holiday travel plans. When Plaintiff still heard nothing by mid-afternoon, recognizing that it was impossible at that point to rely on an enlargement of the deposition period, and that the next business day was Tuesday, January 4, Plaintiffs' counsel served deposition notices that adjusted the depositions of defendants Gross and Endicott by two and three days, respectively, in order both to permit the change to remote examination and to complete the depositions within the current schedule. The email transmitting the new deposition notices stated that the "dates are subject to any further discussion between the parties concerning the schedule."

At 5:15 pm on the same day (New Year's Eve), one of Defendants' several lawyers responded, pleased that Plaintiff would not object to proceeding with the party depositions remotely, but refusing to agree to any rescheduled dates for the Gross and Endicott depositions. Ignoring that Plaintiff was not prepared to proceed with remote depositions on Wednesday, January 5, Defendants doubled down, stating that they would "await the details on the logistics for Mr. Gross' deposition on Wednesday, January 5." Defendants did not respond to Plaintiff's request for a call to discuss the schedule. Nor did Defendants respond to Plaintiff's proposal that



the parties jointly request a short extension of the discovery period to facilitate the resolution of any scheduling issues.

Having heard nothing more from Defendants after the holiday weekend, Plaintiff wrote to Defendants yesterday in the early afternoon, reiterating the difficulty posed by switching to a remote deposition procedure at the last minute and restating what we informed Defendants at that time – that Plaintiff was not prepared to proceed with the remote depositions of defendants Gross and Endicott on January 5 and 7, as previously scheduled, but would proceed according to the dates in the new notices of deposition served last Friday. Plaintiff reiterated the request, originally made last Friday but never responded to, that the parties seek a short enlargement of the deposition period to accommodate the schedule changes.

In the ensuing email correspondence yesterday (January 3), Defendants continued to refuse to entertain any adjustment of the deposition dates. Plaintiff requested that, just as she had been flexible in immediately agreeing to proceed remotely with *all three party depositions* that had previously been noticed in person, notwithstanding the last-minute nature of the request, Defendants should be flexible as well, even if that requires a party witness to adjust his schedule to accommodate the circumstances of the current pandemic that formed the basis for Defendants' request to modify the outstanding deposition notices in the first place.

Before Defendants had an opportunity to respond to Plaintiff's latest communication, another of Defendants' lawyers demanded at 5:38 pm yesterday that one of Plaintiffs' counsel agree to speak with the Defendants' team within the next 90 minutes. Notwithstanding Plaintiff's counsel's further attempts to explain their position and work out a solution, and proposal to speak the next morning, with Defendants prepared to discuss their clients' schedules, Defendants reacted with feigned outrage at 8:30 pm yesterday evening, stating, "We decline your invitation to further run down the clock on this issue," and "Defendants have no choice but to seek relief from the Court on an emergency basis."

The Court's Order of 3:52 am today asks why, if Plaintiff's counsel is prepared to take one of the depositions on January 7, which was one of the days originally noticed, she seeks to reschedule both dates. The answer is that Plaintiff, who has been preparing for these examinations for weeks, is attempting to maintain the same order of depositions, which is normally at the taking party's discretion, as in the original notices, as well as maintain order to the many expected documentary exhibits in this case. Defendants have failed to address the issue of either party defendant's availability except in the broadest terms, refusing even to discuss the matter of the schedule, as explained above. Plaintiff has already been prevented from taking the depositions in person, as she preferred, and it is unfair for Defendants to also re-sequence the depositions just a few days before these party depositions were set to begin. Had Defendants' counsel been willing to entertain, or even discuss, a slight enlargement of the schedule during the week of February 17, maintaining this order of deposition might well have been the outcome. When Defendants chose not even to respond to Plaintiff's proposal, much less confer, the new notice dates Plaintiff propounded both provided additional time required to make arrangements for remote examination and preserved the original order of proceeding.

Defendants have not approached this Court in good faith. Defendants noticed an in-person deposition themselves on December 20, but waited until the close of business on

3



December 30 to raise any issue with conducting their own depositions in person. They did not respond to Plaintiff's request to schedule a call between last Friday morning and Monday afternoon, but now suggest that because Plaintiff's counsel did not speak with Defendants during a 90-minute window last evening, they had no choice but to make an emergency application to the Court without first meeting and conferring, not even once, and having made no attempt to work out a mutually acceptable schedule.  Defendants did not even reveal the nature of the emergency relief they "ha[d] no choice but to seek" from the Court.  Given the length and detail of their letter motion, it is now obvious that Defendants had been preparing it well before their email correspondence and abrupt demand to speak yesterday afternoon, and were planning to set up a situation in which they filed a letter motion with the Court late at night – 10:45 pm, as it turns out – and then called the Court early the next morning to request an emergency conference before Plaintiff had an opportunity to respond in writing.  This is the height of gamesmanship, which this Court should not countenance or reward.

In Defendants' view, prejudice to Plaintiff does not merit consideration or compromise.  Only Plaintiff must be flexible when circumstances change.  Nowhere do Defendants explain why two party defendants in this case cannot adjust their schedules to be deposed on a slightly modified date, when it was Defendants that insisted at the eleventh hour that the depositions must proceed remotely.  These two individuals are not the heads of federal agencies or mayors or governors; they are two young men running a startup business that is currently closed to employees as the result of the pandemic.  There is no reason that the effects of a societal emergency should not require accommodations by both parties to this litigation.

Courts do not, as a general matter, involve themselves in the parties' scheduling of depositions, but such involvement should not occur at the behest of a party that has refused to even discuss with the other the scheduling issue precipitated by that party's own request for a change – in this case, a last-minute request to change from in-person to remote examination.

Plaintiff therefore respectfully requests that Defendants' motion be denied, that Defendants be directed to meet and confer with Plaintiff in good faith to find mutually acceptable dates for the depositions of defendants Gross and Endicott, and that costs be awarded to Plaintiff based on Defendants' failure to meet and confer before putting Plaintiff to the trouble and expense of responding to this premature motion practice while simultaneously preparing for important depositions in this case.

> Respectfully submitted,
>
> */s/ Steven I. Froot*
> Steven I. Froot

cc:  All counsel via ECF