```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

CASSANDRA SHIH,

        Plaintiff,

  -against-

PETAL CARD, INC., f/k/a CREDITBRIDGE, INC., et al.,

        Defendants.

18-CV-5495 (JFK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at the January 26, 2022 status conference, it is hereby ORDERED as follows:

1. <u>Continued 30(b)(6) deposition</u>. Defendant Petal Card has improperly instructed its Rule 30(b)(6) designees not to answer certain questions concerning its recent corporate reorganization on relevance grounds. Consequently, Petal Card shall produce Mr. McCann for up to one hour of additional questioning, no later than **February 17, 2022**, concerning that subject.

2. <u>Production of de-privileged documents</u>.

    a. Defendants need not produce the documents described in paragraph (a) on page 2 of the parties' January 19, 2022 joint letter (Dkt. No. 262). Defendants have plausibly asserted that these documents were properly withheld based on the guidelines provided in this Court's October 6, 2021 Order (Dkt. No. 228), and plaintiffs have not provided any persuasive evidence to the contrary.

    b. Defendants shall produce, no later than **February 9, 2022**, the emails listed in paragraph (b) on page 2 of the joint letter, as well as any other communications between Andrew Endicott and Jason Gross that have been withheld in reliance on an "embedded privilege" theory – namely, that the withheld emails embed or reflect privileged communications from Jason Gross's father Kenneth Gross – that do not appear on the face of their privilege log. The Court notes that the log does not even mention Kenneth Gross in connection with the paragraph (b) emails. Further, defendants have failed to substantiate their new claim of privilege, in that they have made no factual showing that Kenneth Gross is or was licensed to practice in New York, that Petal Card formed a "professional relationship" with him "for the purpose of facilitating the rendition of legal advice or services," or that whatever advice he provided to defendants in the emails at issue was "predominantly of a legal character." *Ambac Assur. Corp. v. Countrywide*

1

> *Home Loans, Inc.*, 27 N.Y.3d 616, 624, 36 N.Y.S.3d 838, 842-43 (2016). The paragraph (b) documents shall be produced no later than February 9, 2022.

    c.    Defendants need not produce the documents listed in paragraph (c) on page 2 of the joint letter. Although these documents also assert privilege over communications to or from Kenneth Gross, that assertion is clear from the face of their log, and consequently should have been challenged, if at all, long before now.

3.    All relief not specifically granted herein is DENIED.

4.    <u>Status conference</u>. Judge Moses will conduct a status conference on **April 20, 2022** at **11:00 a.m.** in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. In advance of the conference, and no later than **April 15, 2022**, the parties shall submit a joint letter updating the Court on the progress of expert discovery, as well as any settlement efforts.

Dated: New York, New York
January 26, 2022

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**